## FREDERICK ACKERMAN v. P. H. COOK.

ACTION: HOLDER OF LEGAL TITLE MAY SUE, ALTHOUGH HE HAS NO BENEFICIAL INTEREST.—The party holding the legal title is entitled to recover, in an action at law, for a breach of a contract in which he has no beneficial interest. See *McHenry* v. *Ridgly*, 2 Scam. 309; *Chadsey* v. *Lewis*, 1 Gil. 153; *Field* v. *Weir*, 28 Miss. R. 56.

Ackerman *v.* Cook.

IN error from the Circuit Court of Warren county. Hon. J. S. Yerger, judge.

Cook brought an action against Ackerman to recover damages for the breach of his warranty of soundness of a horse, as contained in the following instrument:—

" Received of Pleasant H. Cook, one hundred and fifty dollars for a certain bay horse, aged eight years, with a blaze in his face, which horse I warrant sound and title good.

               (Signed)      " FREDERICK ACKERMAN.

" April 3, 1857."

The defendant pleaded the general issue, and the cause was submitted to a jury.

Upon the trial, the plaintiff proved the warranty, as above, and also its breach as complained of.

The defendant then proposed to prove, by a witness, that Cook had no beneficial interest in the horse, and that he purchased him as the agent and for the benefit of Mrs. Doss. The court, upon the objection of plaintiff, would not permit the evidence to go to the jury, and the defendant excepted.

The plaintiff had verdict and judgment for $150, and the defendant sued out this writ of error.

*C. L. Buck*, for plaintiff in error.

*J. Shirley*, for defendant in error,
Cited *Field* v. *Weir*, 28 Miss. R. 56.

SMITH, C. J., delivered the opinion of the court.

This was an action upon a warranty of soundness of a horse, brought in the name of the defendant in error, to whom the warranty was given.

The case presents the single question, whether, where the party suing holds the legal title, a recovery can be defeated, upon allegation and proof that the equitable and beneficial ownership is in another person?

A legal title is the necessary foundation of every action at law.

A party who claims a legal right, must show a legal title in himself, to the matter in controversy, before he will be permitted to recover. But, while courts of law affect to adhere rigidly to this rule, they as constantly recognize the equitable title of the assignees of certain classes of choses in action, and permit them to recover at law, by using the legal title of their assignors. And, as a necessary consequence of this doctrine, the equitable title may be put in issue; and, if found not to exist in the party who asserts it, a recovery will be defeated. But in no case, which has come under our observation, has the legal owner been defeated upon the allegation and proof by the defendant, that the beneficial and equitable ownership was in a third party. This would seem to be the inevitable result in a court constituted for the exclusive cognizance of legal rights and the enforcement of legal remedies. In *McHenry* v. *Ridgly*, 2 Scam. 309, and in *Chadsey* v. *Lewis*, 1 Gil. 153, this principle was expressly recognized. And this court seems to have entertained the same opinion in *Field* v. *Weir et al.*, 28 Miss. R. 56.

If, in point of fact, the defendant in error was the mere agent of Mrs. Doss, and consequently was not beneficially interested in the transaction, he was, nevertheless, legally entitled to the damages arising from a breach of the warranty; and the only party in whose name the suit could have been maintained. Hence, according to the view above expressed, evidence as to the fact, whether he was or was not beneficially interested in the recovery, was irrelevant. The court was, therefore, correct, even admitting the proof to be competent under the answer, which contains a general denial of the allegations of the complaint, in refusing to permit the witness to answer the questions propounded to him by the counsel for the plaintiff in error.

Judgment affirmed.