LEVI S. HOLCOMB v. THOMPSON B. MASON et al.

1. ACTION: RIGHT OF USEE, IF BONA FIDE, NOT THE SUBJECT OF INQUIRY AT LAW.—A court of law, will not inquire into the nature and extent of the interest of the usee in the instrument sued on, if it be conceded that his possession is *bona fide.*

2. PLEADING: MUST ANSWER AS MUCH OF THE ACTION AS IT PROFESSES TO.—A plea is bad, which professes to answer the whole action, if it really answer only a part.

ERROR to the Circuit Court of Tippah county. Hon. P. T. Scruggs, judge.

This was an action by Thompson B. Mason, the plaintiff, for the use of Caleb Cope & Co., against Levi S. Holcomb, on a promissory note for $3930, made by the latter, payable to one Norvall, and by him indorsed to the plaintiff Mason.

The defendant pleaded as follows: "For answer to said complaint, the defendant says, that the said Caleb Cope & Co., for whose use this suit is brought, has not, nor had at the commencement of the action, any right, title, or interest, in or to, the note sued on, except the sum of one thousand dollars, with interest thereon from the date of said note."

This plea was sworn to.

The plaintiff demurred to this plea, and assigned for cause of demurrer:—

"1st. That the plea, on its face, shows a sufficient interest to uphold and maintain this action.

"2d. That this plea amounts to no more than the general issue."

The demurrer was sustained, and the defendant refusing to plead

further, judgment final was rendered against him, for the amount of the note and interest; from which judgment, he prosecutes this writ of error.

*W. S. Yerger*, for plaintiff in error,

Cited and commented on the following authorities: 1 Chit. Pl. 554; Stephen Pl. 216; Gould Pl. ch. 4, part 2, § 79; Bac. Ab. tit. Pleas, G. 3; *Grinstead* v. *Foute*, 32 Miss. R. 123; Hutch. Code, 842; *Moore* v. *Anderson*, 3 S. & M. 321; *Cocke* v. *Rucks*, 34 Miss. R. 105; *Lee* v. *Gardiner*, 26 Ib. 540; *Field* v. *Weir*, 28 Ib. 67; *Coates* v. *Lewis*, 1 Camp. 444; *Sims* v. *Bond*, 5 Barn. & Ald. 393; Ib. 101; Smith's Lead. Cas. 373; *Garrett* v. *Handley*, 4 B. & C. 664; *Sadler* v. *Leigh*, 4 Campbell, 195: *Inhabitants of Garland* v. *Reynolds*, 20 Maine R. 45; *Trustees* v. *Parks*, 1 Fairfield, 441; *Schemerhorn* v. *Vanderheyden*, 1 John. 139; *Dutton* v. *Pool*, 2 Lev. 210; *Pigot* v. *Thompson*, 3 Bos. & Pul. 149 (notes); *McMenomy* v. *Ferres*, 1 John. 71; *Company of Felt-makers* v. *Davis*, 1 Bos. & Pul. 101; *Hubbard* v. *Borden*, 6 Wharton, 79; *Estate of Merrick*, 2 Ashmead, 485; *Parker* v. *Donelson*, 2 W. & S. 9; *Cathay* v. *Fennell*, 10 B. & C. 671.

*O. Davis*, on same side,

Cited 2 How. 642; 1 Chit. Pl. 554; 1 L. Raymond, 716; 2 Ib. 841; *Moore* v. *Anderson*, 3 S. & M. 321.

*T. J.* and *T. A. R. Wharton*, and *J. W. Thompson*, for defendant in error,

Relied on *Greer* v. *McCarroll*, 24 Miss. R. 427; 26 Ib. 521; 32 Ib. 194; 6 S. & M. 70.

HARRIS, J., delivered the opinion of the court.

The error complained of in this case, is the judgment of the court below sustaining plaintiff's demurrer to defendant's answer. The suit purports to be founded on a promissory note, payable to one Norvall, and indorsed by him to Mason, in whose name this suit is brought for the use of Caleb Cope & Co. The answer purports to be an answer to the whole declaration, but is really an answer

only to a part, and would be bad on that account.    But, it is no answer to the declaration or complaint, in any view of the case. The complaint does not allege, that Caleb S. Cope & Co. ever had the legal title to the note sued on; nor was such an allegation necessary.    Mason is the legal owner, who sues for the use of Cope & Co.    What that use may be, its extent, or the exact equity which it may be designed between Mason and the usees, to secure, or protect, is not the subject of inquiry in this action, nor material to the defendant, as his plea admits the *bona fides* of the possession of the usees.    2 How. Miss. R. 645; 7 Ib. 216, 354; 2 S. & M. 249; 3 Ib. 325; 13 Ib. 365; 26 Miss. R. 542; 28 Ib. 66.

The demurrer was, therefore, properly sustained.

Judgment affirmed.

NOTE.—See also, *Ackerman* v. *Cook*, 34 Miss. R. 262, where it is held, that the holder of the legal title to a contract may maintain action on it, although he has no beneficial interest in it.