## James M. Wallace *v.* Okolona Savings Institute.

1. Pleadings—Demurrer Undisposed of.—When the defendant files a demurrer to the replication of the plaintiff, and then goes to trial without objection, or even calling the attention of the court to the matter, he must be taken and held to have waived it.

Error to the circuit court of Chickasaw county. Hon. W. D. Bradford, judge.

The defendants in error filed their declaration in the court below, demanding of plaintiff in error the payment of a bill of exchange for $466.07. Defendant in the court below filed a plea, to which plaintiff replied and defendant demurred to plaintiff's replication; the parties went to trial without disposing of the demurrer, and the jury found for the plaintiffs, and assessed their damages at $531.38; and defendant brought the case to this court and assigns for error the following:

"The circuit court failed to overrule or sustain the

demurrer of the defendants below, to the replication of plaintiffs, and the same now stands in the record undisposed of."

*Tucker, Harper & Buchanan,* for plaintiff in error:

The only point necessary to be presented to this court is this: Was it error in the circuit court to proceed to judgment without first disposing of the demurrer of the defendant to the replication of plaintiffs? This question has been settled so often in our own supreme court that we will simply call the attention of the court to the following authorities: Harper v. Bondurant, 7 S. & M., 397; Mayfield v. Barnard, 43 Miss., 271; Cassedy *et al.* v. Jackson *et al.*, 45 Miss., 401.

*Carlisle & Carlisle,* for defendants in error:

The assignment of errors of appellant is false in fact, as their motion for a new trial shows. The second ground of this motion is as follows: "Because the court erred in overruling defendant's demurrer."

The certificate of the clerk shows that counsel acted in bad faith, when they misled the clerk and prevailed on him not to send up the motion for a new trial.

We call the attention of the court to the motion for a new trial, and to the clerk's certificate attached to said motion.

The demurrer, in fact, was overruled and fully disposed of before the trial, and the motion for a new trial shows this. It is not necessary that the record show affirmatively that the demurrer was overruled; if, from other portions of the record, it can be shown that it was disposed of, it is sufficient. Smith v. Elder, 7 S. & M., 507; Smith v. Elder, 14 S. & M., 100.

The case presents nothing but an effort to delay, and the court should at once affirm the judgment below, and give proper judgment against the appellant and his sureties.

TARBELL, J., delivered the opinion of the court:

*Assumpsit* upon a bill of exchange, by the Okolona Savings Institution, against James M. Wallace.

The usual plea of *non-assumpsit* was pleaded, and also a special plea that the writing sued on was given for a loan contrary to the charter or act of incorporation of the said Okolona Savings Institution. There was a replication taking issue with the special plea, concluding to the country. To this replication there was a demurrer. According to the transcript sent hither, the parties went to trial without any decision upon, or disposition of the demurrer. There was a verdict for the plaintiff, when the defendant prosecuted a writ of error.

The only question presented here is, whether it was error to go to trial without first disposing of the demurrer.

By an amended record, it appears there was a motion for a new trial, one ground of which was, that the court had overruled the demurrer to the replication. Waiving a discussion of the presumption arising from this statement, the rule invoked by the plaintiff in error will be somewhat fully considered. We are referred by counsel to Harper v. Bondurant, 7 S. & M., 397; Mayfield v. Barnard, 43 Miss., 271; and to Cassedy v. Jackson, 45 ib., 401.

In the first, there were four pleas. To the first and second. an issue was tendered, and as to the third and fourth, there was a demurrer. In this condition of the case, there was a trial and verdict for the plaintiff, leaving the demurrer undisposed of. Held to be error.

The facts in Mayfield v. Barnard, are these : There were three pleas, setting up failure of consideration, upon three distinct grounds. These pleas were severally demurred to. The demurrer to the second was sustained, but the demurrers to the first and third were undisposed of. The defendants declined to plead over, when there was judgment final for the plaintiff against the defendants, for the debt and damages claimed in the declaration. The court say : "The

court below was, therefore, right in sustaining the plaintiff's demurrer to the defendant's second plea, but evidently erred in rendering judgment final for the plaintiff whilst the demurrers to the first and third pleas remained undisposed of. It is insisted by counsel for the defendant in error, that those pleas were bad, and might have been treated as nullities. It is sufficient to say that they were not so treated, but were demurred to by the plaintiff, as defective pleas. It has been held that where the plaintiff dignifies a plea by a demurrer, he cannot afterwards treat it as a nullity. Rogers v. Hunter, 8 S. & M., 640. By demurring, the party waives the privilege of treating the plea as a nullity, and treats it as a defective plea only. Walker v. Walker, 6 How., 500; Marlow v. Homer, ib., 189. And it has also been held to be error where four pleas were filed in a cause, and issues joined to the country on two of them, and demurrers filed to the other two, to proceed to trial and judgment on the issues to the country, without making any disposition of the demurrers. Harper v. Bondurant, 7 S. & M., 397.

Cassedy v. Jackson was this: *Assumpsit* on note: Pleas, *non-assumpsit*, with notice of special matter, and three special pleas in bar. These pleas were demurred to by the plaintiff, and the demurrers remained undisposed of so far as shown by the record. There was a trial and verdict for the plaintiff. The court say: "The correct practice requires that issues of law should be disposed of by the court before proceeding to the trial of issues of fact, by the jury; and it has been repeatedly held to be error to proceed to the trial of the issues to the country without making any disposition of the demurrers. Harper v. Bondurant, 7 S. & M., 397; Mayfield v. Barnard, 43 Miss., 271. The second assignment of error is well taken." Thus, is extracted from the cases referred to as establishing the rule invoked, all that has any application to the question presented for adjudication.

In the case at bar, the demurrer is by the defendant in the action, and he voluntarily went to trial, without a decision

on his issue of law. He did not call the attention of the court to the matter, and must be held to have waived it.

· But a more material consideration is, that the evidence to sustain the issue made by the special plea and the replication thereto, was admissible under the general issue. The rule asked to be applied, it is believed, has already been carried quite as far as justice requires. Its application in the case at bar would be a sacrifice of the substance for the shadow. The case made by the defendant in the action is so palpably without merit, that to enforce the rule appealed to would be a flagrant overthrow of justice by a technical rule.

Rules are declared for the protection of the rights of parties and the better administration of justice. When diverted from these purposes, it becomes the duty of the courts to interpose. The case at bar seems to be a proper one in which to arrest the further extension of the rule invoked.

Judgment affirmed.