## G. W. TITTLE ET AL. v. J. C. BONNER.

1. PLEADING.  *Plea demurred to.*  *Waiver by pleading over.*

Where the record fails to show any formal disposition of a demurrer to a special plea, but another special plea embodying the same defence is filed at a subsequent term without leave of court, but treated as properly filed, the second special plea will be regarded as amounting to a confession of the demurrer to the first.

2. SAME.  *Irregularity not prejudicial.*

Reversals of judgments are now made only for matters of substance, and not on frivolous grounds. The omission to give judgment sustaining a demurrer admitted to be well taken is not to the prejudice of the party whose pleading was demurrable, and therefore is not error.

3. SAME.  *Plea of usury.*

As usury is a defence only for the illegal excess, a plea of usury which professes to answer the whole cause of action is demurrable. It should be limited to such part as the defendant is entitled to avoid, so that the plaintiff may take judgment *nil dicit* for all not denied.

4. SAME.  *Certainty under our Codes.*

Under the Code of 1871 (identical with Code 1857, which had in view the improvements introduced by the courts of England by Reg. Gen. Hil. T. 4, W. 4), general pleading is inadmissible, § 599. The plaintiff must state the facts revealing the *actual cause* of complaint, § 577; and the defendant must show by his plea the *actual ground* of defence, § 592. Every defence not merely consisting of a denial of the allegations of the declaration must be pleaded specially, or given notice of under the general issue.

5. SAME.  *Fraud.*

A plea of fraud, without any indication of the particular acts constituting it, is demurrable.

6. SAME.  *Want of consideration.*

A plea of want of consideration for accepting a bill of exchange is bad on demurrer, if it does not state affirmatively *how* there was no consideration, and does not negative the idea that there was some benefit or advantage to the drawer of the bill at whose request it was accepted.

7. JUDGMENT ON DEMURRER.  *Sustained to second plea.*

On sustaining a demurrer to a second plea, amended after one demurrer sustained to it, the judgment should *not* be *respondeat ouster.*

8. SAME.   *Overruled to declaration.*

   A demurrer to a declaration overruled is followed by judgment *quod recuperet*, unless the defendant makes oath that he has a good and substantial defence, and obtains leave to plead.

9. SAME.   *Overruled to replication.*

   A demurrer to a replication is followed, when overruled, by judgment final as to that issue, unless the defendant asks and obtains leave to plead, and pleads over.

10. SAME.   *Overruled to plea.*

   On overruling a demurrer to a plea, the judgment is not required to be *respondeat ouster*, but it is not error to grant leave to the plaintiff to reply.

11. SAME.   *To several pleas.*

   A demurrer to several pleas, some good and some bad, may be sustained as to the bad and overruled as to the good.

12. SAME.   *Same. Overruled as to one.*

   If on demurrer to several pleas one plea is held good as to the whole cause of action, it will entitle the defendant to judgment *nil capiat*, unless the plaintiff shall obtain leave and reply to such plea.

ERROR to the Circuit Court of Clay County.

Hon. J. A. ORR, Judge.

*Flaniken & Beckett* and *Gerdine & Critz*, for the plaintiffs in error.

1. The demurrer to Tittle's second plea should have been overruled. The plea was good. Want of consideration is a very short plea. *Matlock* v. *Livingston*, 9 S. & M. 504; *Taylor* v. *McNairy*, 42 Miss. 276; *Dean* v. *McKinstry*, 2 S. & M. 213; *Price* v. *Sinclair*, 5 S. & M. 254.

2. The demurrer is a general one to the second, third, fourth, and fifth pleas of Tittle. The court overruled the demurrer as to the fourth plea, the only one to which a special cause was assigned; and this in effect overruled it entirely, for a demurrer cannot be good in part and bad in part. This demurrer is overruled by our Code, decisions of our high court, and common-law decisions. Code 1871, § 611; *Ray* v. *Woolfolk*, 1 S. & M. 523; *Scott* v. *Peebles*, 2 S. & M. 546; *Field* v. *Weir*, 28 Miss. 56; *Newell* v. *Newell*, 31 Miss. 385; *Judge of Probate* v. *Thompson*, 2 How. (Miss.) 808; *Graves* v. *Hall*, 27 Miss. 419; 1 Chitty Pl. (14th Am. ed.) 701; 2 Tidd's Prac.

747 ; *Mayor of London* v. *Levy*, 8 Ves. 403 ; *Todd* v. *Gee*, 17 Ves. 280 ; 11 Ves. 70 ; *Huggins* v. *York Building Co.*, 2 Atk. 44 ; *Dormer* v. *Fortescue*, 2 Atk. 284.

The .third plea sets up fraud and misrepresentation on the part of the plaintiff in obtaining Tittle's signature and acceptance ; and the fifth plea sets up usury. It is true, these pleas set up the defences in general terms ; but the demurrer is also a *general demurrer*, and admits the truth of the pleas, and either fraud or usury are good defences ; and it is for the plaintiff, by special causes of demurrer, to compel the defendant to limit these defences to particular words or acts. We think, moreover, that the third plea is good, even under a special demurrer. Our Code of 1871, §§ 577, 592, 593, *et seq.*, does away with the ponderous system of common-law pleading ; but this third plea is good, even under common-law forms. Chitty says, a plea that a " deed was obtained by *fraud* and *misrepresentation* " is sufficient. This is what this third plea alleges. 1 Chitty Pleading, 537.

The fifth plea would not be sufficient when subjected to a special demurrer ; but, under a general demurrer, as is the case here, it is good by Code 1871, § 611, and also at common law. Chitty says, that " a general plea of usury, not stating the particulars of the contract, the time of forbearance, or the sum to be forborne, is bad on special demurrer." If this means any thing, it means that such a plea is good on general demurrer. 1 Chitty Pleading, 537, 538 ; Code 1871, § 611 ; also Caruther's History of a Lawsuit, § 193, where, also, see form of special demurrer.

3. The court had no authority of *its own volition* to allow the plaintiff to reply after overruling his demurrer to Tittle's fourth plea. The judgment of *respondeat ouster* is regulated by our statute. Code 1871, §§ 612, 613. Otherwise, it is as at common law, except as modified by Code 1871, §§ 610, 621. The common-law rule is, " when the defendant's plea goes to bar the action, if plaintiff demur to it, and the demurrer is determined in favor of the plea, the judgment is *nil capiat*, notwithstanding there may also be one or more issues in fact, for, upon the whole, it appears that the plaintiff has no cause of action." 2 Tidd's Prac. 741 ; *Bailey* v. *Gaskins*, 6 How.

(Miss.) 519; *Shields* v. *Taylor*, 13 S. & M. 127; *Hardin* v.
*Pelan*, 41 Miss. 112.

4. The court had no more authority to render a judgment
*respondeat ouster*, on overruling the plaintiff's demurrer to
Tittle's fourth plea, than to render the same judgment on over-
ruling Tittle's demurrer to the plaintiff's replication to this
fourth plea. The court had already decided this fourth plea
to be a good defence. At common law, the judgment on over-
ruling Tittle's demurrer to the plaintiff's replication was final
for the plaintiff. So at common law the judgment on overruling
the plaintiff's demurrer to this fourth plea was final for the de-
fendant. 2 Tidd's Prac. 741. Neither of these common-law
rules is changed by Code 1871, §§ 610, 611, 612, or 613. If
there is any modification at all, it is by Code 1871, § 621.

If, then, the court could construe this section 621 so as to
award *respondeat ouster* to the plaintiff, common justice re-
quired that the same measure of justice should be meted out
to the defendant, especially as the court had decided that this
fourth plea was a good defence, and our high court had held
that it was the intention of a similar statute to this section
621 to prevent a party with a good defence from being cut
off on technicalities. *Gwin* v. *McCarroll*, 1 S. & M. 370.
The discretion of the court is not arbitrary or capricious. It is
defined and regulated by the practice of the court, or by law.
*Pattison* v. *Josselyn*, 43 Miss. 378, 379; *Heard* v. *Whitehead*,
41 Miss. 407.

5. That the court should have awarded *respondeat ouster* on
sustaining the plaintiff's demurrer to Howell's second amended
plea is imperative by our statute, and firmly established by
our decisions. Code 1871, § 613; *Lee* v. *Dozier*, 40 Miss.
477; *Drane* v. *Board of Police*, 42 Miss. 264; *Douglass* v.
*Hendrick*, 10 Miss. 230; *Southard* v. *Bowles*, 10 Miss. 325;
*Beatty* v. *Harkey*, 2 S. & M. 563; *Hezford* v. *Union Bank*,
7 S. & M. 434; *McMillan* v. *Causey*, 43 Miss. 227; *Brown* v.
*Smith*, 5 How. (Miss.) 389.

6. "Where there are several pleas, all of them going to
destroy the action, and one or more issues are joined on some
of the pleas, and there are one or more demurrers to the rest,
if the court determine the demurrers in favor of the defendant,

*before* the issues are tried, they shall not be tried, and if *after* the trial, it makes no difference ; for in each case judgment of *nil capiat* shall be given against the plaintiff." 2 Tidd's Prac. 741; *Matlock* v. *Livingston*, 9 S. & M. 503, 504 ; *Bailey* v. *Gaskins*, 6 H. 519. This last case of *Bailey* v. *Gaskins* was apparently overruled in *Lang* v. *Fatheree*, 7 S. & M. 404; but the case of *Lang* v. *Fatheree* was itself subsequently overruled, and the rule in *Bailey* v. *Gaskins* re-established. *Shields* v. *Taylor*, 13 S. & M. 127 ; *Hardin* v. *Pelan*, 41 Miss. 112.

*White & Bradshaw*, for the defendant in error.

1. The second plea of Tittle, want of consideration, was bad. It is not full enough. 2 Robinson's Practice, pp. 157, 158 ; 6 How. 487 ; Walker, 236.

2. Tittle's third plea is defective in not pointing out the facts which constitute the fraud. *Gibson* v. *Newman*, 1 How. (Miss.) 341.

3. The demurrer was properly sustained to Tittle's fifth plea, because it set up usury improperly. Blydenburgh on Usury, 110.

4. It was right to allow the plaintiff to reply on overruling his demurrer to Tittle's fourth plea. Code 1871, § 608.

5. On overruling Tittle's demurrer to the plaintiff's replication to Tittle's fourth plea, the judgment *nil dicit* was rendered, because Tittle did not ask leave to rejoin. The demurrer having been sustained to Tittle's second, third, and fifth pleas, and Tittle having declined to plead over, this disposed of all his special pleas.

6. *Respondeat ouster* was not the proper judgment on overruling Tittle's demurrer to Bonner's replication to Tittle's fourth plea. *Ross* v. *Sims*, 27 Miss. 359.

7. Howell, by filing his amended plea pending the demurrer to his second plea, confessed the demurrer. *Shirley* v. *Fearne*, 33 Miss. 653; *Smith* v. *Elder*, 7 S. & M. 507; 14 S. & M. 100; 12 S. & M. 320.

8. The demurrer to Howell's second amended plea was properly sustained.

9. On sustaining the demurrer to Howell's second amended plea, it was not necessary to allow him to plead again. Code 1871, § 613; *Harrison* v. *Balfour*, 5 S. & M. 301; *Kirk* v. *Seawell*, 2 S. & M. 571.

10. The judgment should not have been *nil capiat* upon overruling Bonner's demurrer to Tittle's fourth plea. There is a case to that effect in 4 How. (Miss.) ; but it has been overruled, and the judgment should be *respondeat ouster*. *Lang* v. *Fatheree*, 7 S. & M. 404. The judgment, however, would be final, unless the plaintiff asked leave to plead. *Shields* v. *Taylor*, 13 S. & M. 127 ; *Hardin* v. *Pelan*, 41 Miss. 112. The record shows that Bonner asked and obtained leave to plead.

CAMPBELL, J., delivered the opinion of the court.

Bonner brought an action of *assumpsit* on a bill of exchange against Howell, as drawer, and Tittle, as acceptor. At the appearance term Howell pleaded *non assumpsit*, and a special plea, averring that said bill of exchange was, to a large extent, for usurious and compound interest. The plaintiff demurred to this special plea. The record does not show any formal disposition of the demurrer, but at the next term of the court a plea was filed by Howell, apparently as a substitute for the plea demurred to. The record does not show any leave of court to file this plea at the second term, but it was treated as properly filed, and must be regarded as amounting to a confession of the demurrer to the first special plea. *Shirley* v. *Fearne*, 33 Miss. 653 ; *Georgia Home Ins. Co.* v. *Jones*, 49 Miss. 80 ; *Wallace* v. *Okolona Savings Institution*, 49 Miss. 616 ; *Phillips* v. *Cooper*, 50 Miss. 722.

The defendant should have stood by his plea, and demanded the judgment of the court on its sufficiency. Having presented another plea embodying the same defence as the former, he cannot procure a reversal of the final judgment against him, because of the omission of a formal judgment upon the demurrer to the plea, which demurrer he virtually confessed, by resorting to his second special plea. Reversals of judgments are now made only for matters of substance, and not on frivolous grounds. The omission to give judgment sustaining a demurrer admitted to be well taken, is not to the prejudice of the party whose pleading was demurrable, and, therefore, is not error.

The special plea of Howell, filed at the second term, was

demurred to, and the demurrer was sustained, and leave given to the defendant to amend. He filed another plea, which was demurred to, and the demurrer was sustained. No leave was given to the defendant to plead over, and there was no further pleading by him, and no application for leave to plead further.

These several special pleas were bad, because, while professing to answer the whole cause of action, they contained only what purported to be a partial defence. That defence is, that the bill of exchange sued on is for too much, because it embraces usurious interest, and for that reason *all* of the amount claimed is not recoverable. A plea professing to answer the whole declaration, and answering only a part, is demurrable. 1 Chitty Plead. 524; *Holcomb* v. *Mason*, 35 Miss. 698.

Only the excess over lawful interest can be avoided for usury, and the way to plead in such case is to limit the plea to such part as the defendant is entitled to avoid, so that the plaintiff may be able to take judgment *nil dicit* for all not denied.

Tittle, the other defendant, pleaded *non assumpsit*, and four special pleas. The special pleas were demurred to in one demurrer, and the demurrer was sustained as to all except the fourth, as to which it was overruled. The pleas to which the demurrer was sustained were bad, — the fifth, for the reason herein applied to the special pleas of Howell, and the third, because it avers that the plaintiff procured the acceptance of the defendant by fraud and misrepresentation, without stating any facts to enable the court to say whether they were sufficient to avoid the acceptance, and to apprise the plaintiff of the particular defence sought to be availed of. It is laid down by Chitty that " a general plea that a deed was ' obtained by the plaintiff by fraud and misrepresentation ' has been holden sufficient, on the ground that fraud usually consists of a multiplicity of circumstances, and, therefore, it might be inconvenient to require them to be particularly set forth." 1 Chitty Plead. 537.

In *Christmas* v. *Russell*, 5 Wall. 290, a plea " that the judgment was procured by the fraud of the plaintiff " was held to be " well enough under a general demurrer."

The note to the text of Chitty, quoted above, shows that a plea of fraud, without setting forth the particular acts constituting it, has been held bad. In *Matlock* v. *Livingston*, 9 S. & M. 489, a plea "that the said note was executed without any consideration good or valuable in law" was held good on general demurrer; and this was followed, without comment, in *Taylor* v. *McNairy*, 42 Miss. 276.

Since the adoption of the Code of 1857, which in this respect was followed by the Code of 1871, such general pleading, as above stated, is not admissible. Our statutes were intended to correct the evil which resulted from the general form of pleading before prevalent, and to require every affirmative matter to be pleaded specially or given notice of, so as to distinctly inform the opposite party of the precise ground of contest on which he is to be met by his adversary. Code, § 599. The plaintiff must state the facts revealing the *actual cause* of complaint. Code, § 577. And the defendant must show by his plea the *actual ground* of his defence. Code, § 592. Every matter of defence, not merely consisting of a denial of the allegations of the declaration, must be pleaded specially, or given notice of under the general issue, or "no proof of such matters shall be received on the trial." Code, § 599. The framers of our present law of pleading, as regulated by statute, had in view the valuable improvements introduced by the courts of England by the Reg. Gen., Hil. T. 4 Will. IV.; and the statutes on the subject should be so applied as to effectuate the object in view. The true object of pleading is to apprise the adverse party of what he is called upon to answer, in order that he may be prepared to contest it, and may not be taken by surprise; and any pleading which falls short of this is bad. A plea averring fraud and misrepresentation, without any indication of the particulars in which it is said to consist, is bad on demurrer. *Herndon* v. *Henderson*, 41 Miss. 584; *Hanks* v. *Neal*, 44 Miss. 212.

The second plea of Tittle was bad, because it alleges no consideration to the defendant for accepting, and does not state affirmatively *how* there was no consideration, and does not negative the idea that there was some benefit or advantage to

the drawer of the bill of exchange, at whose request it was accepted. 1 Chitty Plead. 517, note *i*.

The plaintiff replied to Tittle's fourth plea; and Tittle demurred to the replication. His demurrer was properly overruled. The judgment on this demurrer did not give Tittle leave to rejoin, nor did he ask it; and there was no rejoinder, but judgment was taken *nil dicit* on the replication unanswered; and, as the defendant had pleaded the general issue, a trial was had on this before the court, and the finding and judgment were for the plaintiff. A motion for new trial was made, and overruled; but no bill of exceptions was signed, and the case is before us on writ of error. Numerous grounds of error have been assigned; but, while all have been fully considered, very few need be specially mentioned. What has been said disposes of all questions as to the sufficiency of pleadings.

It is assigned for error that, on sustaining the plaintiff's demurrer to Howell's second plea, amended after one demurrer sustained to it, the judgment should have been *respondeat ouster*. This is not correct. Code, § 613. Another ground of error is, that, on overruling the defendant's demurrer to the replication to his fourth plea, the judgment should have been *respondeat ouster*. Not so. It should have been *nil dicit*, if the defendant did not obtain leave, and rejoin.

A demurrer to a declaration overruled is followed by judgment *quod recuperet*, unless the " defendant make oath that he hath a good and substantial defence," and obtain leave to plead. Code, § 612. A demurrer to a replication is followed, when overruled, by judgment final as to that issue, unless the defendant asks and obtains leave to plead, and pleads over. Another complaint is, that, on overruling the plaintiff's demurrer to the defendant Tittle's fourth plea, the court did not give judgment *nil capiat* against the plaintiff, but gave him leave to reply to the plea. In such case, the judgment is not required to be *respondeat ouster;* but it is not error to grant leave to the plaintiff to reply. *Hardin* v. *Pelan*, 41 Miss. 112.

It is said that, because the demurrer was held not well taken as to one of several pleas, it should have been overruled, although some of the pleas were bad. Undoubtedly, one good

plea to the whole action is as complete a bar as a dozen pleas; and if, on demurrer to several pleas, one is held good as to the whole cause of action, it will entitle the defendant to judgment against the plaintiff *nil capiat*, if the plaintiff shall not obtain leave, and reply to such plea; but no reason is perceived why a demurrer to several pleas, some good and some bad, should not · be sustained as to the bad, and overruled as to the good. This practice has prevailed in our courts, and has been sanctioned elsewhere, and meets our approval. *Gearhart* v. *Olmstead*, 7 Dana (Ky.), 441.

We do not perceive any error in the record for which the judgment should be reversed, and it is *Affirmed.*