MOBILE SAVINGS BANK *v.* BOARD OF SUPERVISORS OF OKTIBBEHA CO.

*(District Court, N. D. Mississippi, E. D.   October Term, 1884.)*

1. COUNTY BONDS—NEGOTIABILITY—FAILURE OF CONSIDERATION—PLEADING.
    In an action against a county on negotiable bonds issued by its board of supervisors in payment for the capital stock of a railroad company, a plea setting up that the bonds were issued upon a promise that the company would build a certain branch road through the county, and that it had only built a part of such branch road, and refused to complete it, but failing to state that plaintiff had any notice of such failure and intention not to extend the road further, is demurrable.

2. SAME—KNOWLEDGE OF HOLDER.
    A plea averring that, at the time said bonds and attached coupons were received by plaintiff, the railroad company did not intend to extend said road, but not averring that plaintiff knew that said obligations were issued upon the condition that the road should be extended, or that it was not intended so to do, does not set up a valid defense.

3. SAME—FRAUD—COVIN—MISREPRESENTATION.
    A plea alleging that the bonds were obtained by covin, fraud, and misrepresentation on the part of the company, must set out the facts constituting such fraud, covin, and false representations.

4. SAME—VALIDITY OF ISSUE—NUMBER OF VOTES.
    A plea averring that county bonds are void because two-thirds of the qualified voters of the county did not vote at the election held to ascertain whether or not said bonds should be authorized to be issued, and that plaintiff knew when it received the bonds that two-thirds of the qualified voters did not vote in favor of their issuance, must also aver how many votes were cast in favor of, and how many against, authorizing the issue, so that the court may be enabled to decide from the face of the pleadings whether or not the defense is valid.

5. SAME — REQUISITE NUMBER OF VOTES—CONSTITUTION AND STATUTES OF MISSISSIPPI.
    Where a majority of two-thirds of the votes actually cast at an election are in favor of the issuance of county bonds, this is a compliance with the constitution and laws of Mississippi, and it is not necessary that two-thirds of the registered voters of the county should vote in favor of the issuance.   *Carroll Co.* v. *Smith*, 111 U. S. 556; S. C. 4 Sup. Ct. Rep. 539; and *Hawkins* v. *Carroll Co.* 50 Miss. 735, followed.

At Law.

*E. L. Russell, B. B. Boone,* and *A. J. Russell,* for plaintiff.

*Butler & Carroll* and *Muldrow, Nash & Alexander,* for defendant.

HILL, J.   The questions now presented arise upon plaintiff's demurrer to defendant's third, fourth, fifth, sixth, and seventh pleas.

The declaration avers that the plaintiff is the *bona fide* holder, for value, of the bonds and coupons described in the declaration, which were issued by the board of supervisors of Oktibbeha county, on the first day of July, 1873, in payment for the capital stock of the Mobile & Ohio Railroad Company, subscribed for by the said board, and which was authorized by the constitution and laws of the state of Mississippi and by the vote of the qualified voters of said county, taken at an election duly held to determine whether or not said subscription should be made and said bonds issued.    To this declaration the defendant interposed said special pleas.    The third, in substance, avers that said subscription was made and bonds issued upon the promise and undertaking upon the part of said Mobile & Ohio Railroad Company that said company would build a branch of said railroad to extend through said county for 30 miles, and that said road was only built and operated to Starkville, a distance of only 11 miles, and that said railroad company now fails and refuses to extend said railroad further.    This plea does not aver that the plaintiff had any notice of such failure and intention not to extend such railroad further, and, the bonds and coupons being negotiable obligations, the matter set out in this plea, if otherwise a good defense, fails to set up a valid defense to plaintiff's action; therefore the demurrer must be sustained to this plea.    The fourth plea substantially avers that at the time said bonds, with coupons attached, were received by the plaintiff, said Mobile & Ohio Railroad Company did not intend to extend said railroad to Starkville, but does not aver that at the time said obligations were received by plaintiff, that plaintiff knew that said obligations were issued upon the condition that the said railroad should be extended beyond Starkville, or that it was not intended so to do; consequently, the plea does not set up a valid defense to plaintiff's action, and the demurrer must be sustained to this plea.    The fifth plea, in substance, avers that said bonds were obtained by covin, fraud, and misrepresentation of the said Mobile & Ohio Railroad Company and others, and plaintiff, and that plaintiff had knowledge of the same; but, under the rules of pleading in force in this state, and in this court, the facts constituting such fraud, covin, and false representations must be set out in the pleadings.    *Tittle* v. *Bonner,* 53 Miss. 578; Code Miss. §§ 1536, 1546.    This not having been done in the plea, it does not set out a valid defense to plaintiff's action, and the demurrer must be sustained to this plea.

The sixth and seventh pleas constitute but one plea, and will be considered together.    They, in substance, aver that said bonds are void because, as it is averred, two-thirds of the qualified voters of said county did not vote at the election held to ascertain whether or not said bonds should be authorized to be issued, and that plaintiff, when said bonds were received, knew that two-thirds of said qualified voters did not vote in favor of their issuance; but it is not averred how many votes were cast at said election, nor the number of qualified voters in

said county, nor how many votes were cast in favor of, and how many against, authorizing the issuance of said bonds and coupons. This should be done to enable the court to decide from the face of the pleadings whether or not this defense is a valid one. The bonds, as shown from the declaration, were issued on the first day of July, 1873, and the presumption is that they were then or soon after delivered to the Mobile & Ohio Railroad Company. According to the decision of the supreme court of the United States in the case of *Carroll Co.* v. *Smith,* 111 U. S. 556, S. C. 4 Sup. Ct. Rep. 539, if a majority of two-thirds of the votes actually cast at said election were in favor of the issuance of the bonds, it was a compliance with the constitution and laws of the state, and that it was not necessary that two-thirds of the registered voters of the county should vote in favor of the issuance, as was held by the supreme court of Mississippi in the case of *Hawkins* v. *Carroll Co.* 50 Miss. 735. This court is bound to follow the decision of the supreme court of the United States in the case of *Carroll Co.* v. *Smith,* 111 U. S. 556, S. C. 4 Sup. Ct. Rep. 539, construing this identical clause of the constitution of the state of Mississippi. The pleas do not constitute a valid defense to plaintiff's declaration. The result is that the demurrer must be sustained, with leave to defendant to plead over.