Yazoo & Mississippi Valley Railroad Co. *v.* Watson.

[61 South. 657.]

Libel and Slander.    *Pleading.    Issues.*

Where in an action for libel the defendant in answer thereto filed the general issue, and gave notice of special matter on which it would rely in its defense to the effect, that a part of the alleged libelous letter was true; and that the letter stated facts believed to be true, and that the writer was without malice when he wrote the letter, and merely stated the facts, with no intention of casting any reflection of any kind or character on plaintiff; no question of qualified privilege could arise because notice thereof was not given by the pleadings.

APPEAL from the circuit court of Sunflower county.

HON. MONROE McCLURG, Judge.

Suit by J. S. Watson against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

This is an appeal from a judgment for the sum of seven hundred and fifty dollars in favor of plaintiff below in an action for libel, based upon a letter written by an agent of the defendant railroad company to a cotton merchant in the city of Memphis to whom plaintiff had shipped certain cotton. The shipment checked up one bale short, and plaintiff put in a claim for same. The defendant paid the claim, protesting all the while its liability, though admitting that the shipment was one bale short of the number called for in the bill of lading, and taking the position that the missing bale was shipped elsewhere by plaintiff. The letter alleged to be libelous is as follows:

"Memphis, Tenn., April 12, 1909.

"J. T. Fargason & Co., City—Gentlemen: Referring to conversation the writer had with Mr. Patterson in your office with reference to your claim filed Jan. 20th, covering loss of one bale of cotton marked J. S. 427, shipped by J. S. Watson, Drew, Miss., Oct. 10, 1908, beg to advise that I have noted Mr. Watson's letter of March 15, 1909, in reply to letter from you, and in reply we have to say that it is true that our bill of lading No. 201 of Oct. 10th is issued for twenty-four bales of cotton; but this is accounted for by the fact that bale No. 527 was placed on this bill of lading in error, because there was only one bale No. 527, and it was shipped by these parties to Greenwood, Miss., and we have established delivery of this bale at Greenwood. Furthermore, the shipper has acknowledged receiving payment for the bale. In addition to this, the orignal bill of lading has been changed, bale 654 having ben erased and No. 527 placed thereon after the B/L was signed by our agent, and with-

104 Miss. 43

out our agent's consent. It seems to us from these facts that the shipper is in error in his contention; hence we ask that you take up with shipper getting a more detailed statement. Yours truly, [Signed] B. Herring, Agent. Williamson.''

*Mayes & Mayes,* for appellant.

The letter in question, as shown by plaintiff's own case, is within the qualified privilege class.

Furthermore, the notice given under the general issue was that the defendant would show that there was no malice in writing the letter in question. We submit that this notice complied with the terms of the statute as to giving notice under the general issue, and that under our liberal system of pleading this was sufficient to justify throughout any evidence negativing malice. That, in effect, it amounted either to a special plea, or effectual notice, the result of which would be the same.

As stated in our argument, Greenleaf and other authorities lay down the rule that, ''the plea of the general issue requires plaintiff to prove. First, the special character and intrinsic facts when they are essential to the action. Second, the speaking of the word, or the publication of the libel. Third, the truth of the colloquim, or the application of the word to himself. Fourth, the defendant's malicious intention, where malice in fact is material. Fifth, the damage, where special damages are alleged, or more than nominal damages are expected.'' 2 Greenleaf, sec. 410; *Jarnagan* v. *Fleming,* 43 Miss. 725; 25 Cyc. 480, h. Privilege.

As stated in our oral argument, when plaintiff's own case shows that the communication, as in this case, is qualifiedly privileged, the burden is upon plaintiff, in the first instance, in making out his case, to show express malice. In 18 Am. & Eng. Ency. Law, 1003, par. 3, on evidence and Burden of Proof, the text is:

''Where, however, the circumstances of the publication are such as to repel the inference of malice, and ex-

clude any liability of the defendant, except upon proof of actual malice, it is incumbent upon the plaintiff or the prosecution to furnish such proof."

In *Jarnagan* v. *Fleming, supra,* the court says: "If the mitigating circumstances appear upon plaintiff's own showing, then he must prove malice in fact, or express malice. If they do not thus appear, the defendant may prove, under the plea of not guilty, any facts which repel the implication of malice, not proving, or tending to prove, the truth of the charge."

The Code of 1857, in force when this case was tried, is exactly the same as the law today, found in section 743, as to mitigating circumstances; and section 744, as to notice of special matter under the general issue.

In other words, this case distinctly showed that the burden resting upon plaintiff at common law, where he sues upon a communication qualifiedly privileged, is unaffected by our statutory provisons, insofar as his duty to show express malice goes.

Hence, we insist, as in the oral argument, that the defendant got the full benefit of the situation of qualified privilege, although there may not have been any special plea of privilege, or notice under the general issue that the communication would be shown to be privileged.

An analogous case, if one be needed, is found in suits for personal injuries inflicted upon plaintiff by defendant. If the evidence of plaintiff himself shows that he is guilty of contributory negligence, the defendant is entitled to a peremptory instruction, as much as if the showing of such negligence was made by defendant.

Reduced to its last analysis, the rule simply means that the plaintiff must make out his case. And this he did not do, if his own evidence, as in the instant case, shows that the communication was qualifiedly privileged, and fails to go further, and show that there was express malice.

And to quote Judge COOPER in the Brooks case: "The circumstances under which it was made are such as to

repel the legal inference of malice, and to throw upon the plaintiff the burden of offering some evidence as to its existence beyond the mere falsity of the charge.''

Further, it is laid down as a general rule, supported by a vast array of authorities, in 25 Cyc. 397b, Common Business Interests, as follows: ''Defamatory matter is privileged which is published without malice to parties who have a common business interest in the subject-matter of the publication, even though it may be false and injurious.''

Counsel have a great deal to say, in their brief and argument, about bale No. 527 being lugged into the controversy by the writer of the letter in question.

We think a perusal of the record is a sufficient answer to this suggestion, and that it shows, not that the writer of the letter was trying to prove that Mr. Watson was guilty of false pretenses in claiming payment for bale No. 527, but to express the idea, in so many words, that the full number of bales of cotton owned by Mr. Watson would be thus accounted for, although there would be no No. 427.

There is no proof in the record by Mr. Watson, nor was there any information before the writer of the letter, as to how many bales of cotton Mr. Watson marketed that season, and that were delivered to defendant at Drew, Mississippi, during the season. And we regret that the discovery of two bales, numbered 527, was a remarkable coincidence, to say the least of it, when they were owned by the same person, and shipped within less than thirty days of each other.

It is further probable that the indistinct marking of the numbers on the bales was largely responsible for the trouble.

In conclusion, we submit that the peremptory insturction requested by the defendant should have been given; and if not, the most that plaintiff was entitled to was an instruction for nominal damages, which defendant, after

the refusal of the peremptory instruction for it, requested the court to give. This being the case, it is manifest that the damages awarded are excessive.

*Tim E. Cooper,* for appellee.

All the authorities cited by counsel for appellant are under circumstances in which the defense of privilege could be given in evidence, under the general issue. In such circumstances, the issue being broad enough to let in the defense if proved, it is immaterial whether the exculpatory evidence is introduced by the plaintiff or the defendant.

But where, as here, the privilege as a bar, or as changing the burden of proof, cannot be availed of because not pleaded, but under another statute the circumstances which would establish the privilege, if pleaded, may be given in evidence in mitigation of damages, it would be a practical abrogation of the statute changing the rule of pleading, to hold that that evidence clearly admissible in mitigation of damages, and for that only, can import into the record an unpleaded defense, in bar, and used to bar instead of diminish a recovery.

The defense now made was not relied on in the court below, by pleading or instruction. It is raised here for the first time.

It would probably have been unavailing in fact if relied on in the court below, but the jury at least would have been permitted to pass on the question of malice in fact. In the course pursued on the trial, the presumption of malice, implied by law because of the falseness and character of the charges, was properly invoked. Both sides so dealt with the developed case, and the defendant itself asked the court to charge peremptorily for the plaintiff, but to find only nominal damages.

If different cases are to be tried in the court below, and in this court, there will be no end of reversals.

We concede that the first instruction for the palintiff would be erroneous in a case where a privilege was pleaded, and not exceeded. It would not have been asked or given, except with the probable explantion that if the charge in reference to bales 527 was not necessary to the investigation of the loss of bale 427, the privilege was exceeded. The most that can be said in any event is that the instruction is of doubtful correctness, if the qualified privilege was available in bar, and not in mitigation. If the privilege was not available in bar, because not pleaded, I do not understand that appellant contends that there is any error in the record.

Argued orally by *G. G. Lyell,* for appellant and *Tim E. Cooper,* for appellee.

COOK, J., delivered the opinion of the court.

This is an action for libel, and the defendant in answer thereto filed the general issue, and gave notice of special matter it would rely upon in its defense. The notice was to the effect (a) that a part of the letter was true; (b) the letter stated facts believed to be ture, and that the writer was without malice when he wrote the letter, and merely stated the facts, with no intention of casting any reflection of any kind or character on the plaintiff.

It is claimed here that the letter was written upon an occasion and under such circumstances as to make of it a qualified privilege. Conceding this to be true, it is contended by appellee that this issue was not made by the pleadings, nor by the instructions in the trial court, but is raised here for the first time. But it is said in argument that evidence was introduced upon the trial showing the occasion and the circumstances, and also showing the writer of the libelous matter was not actuated by malice. Appellee replies to this last contention, that under section 743 of the Code of 1906 this evidence was

admissible in mitigation of damages, although it was not specially pleaded, and there being no plea in bar filed, and no notice under the general issue of special matter in bar, this evidence could only be considered by the jury in mitigagtion of damages.

We hold that the issue made by the pleadings did not authorize a consideration of the alleged qualified privilege, because notice thereof was not given, and that the case was there fought out upon other issues presented by the pleadings. Section 744, Code of 1906; *Tittle* v. *Bonner*, 53 Miss. 578. The evidence did not justify a peremptory instruction for the defendant, and the defendant must stand or fall by the record made in the lower court.

*Affirmed.*