**JACKSON MANUFACTURING COM-
PANY OF MISSISSIPPI, INC.,**
Plaintiff-Appellee,

v.

**UNITED STATES of America et al.,**
Defendants-Appellees,

**D. V. Patridge, Defendant-Appellant.**

No. 28264

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 10, 1970.

Robert A. Belluomini (argued), San Francisco, Cal., for appellant.

D. Richard Hammersley (argued), Sp. Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Tommy Hawk, Asst. U. S. Atty., Portland, Or., for appellee.

Before BARNES, BROWNING, and TRASK, Circuit Judges.

John C. Satterfield, Yazoo, Miss., for appellant.

Armis E. Hawkins, Houston, Miss., L. G. Fant, Jr., Holly Springs, Miss., H. M. Ray, U. S. Atty., Oxford, Miss., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Leonard J. Henzke, Jr., Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Jackson Manufacturing Company of Mississippi, Inc., a judgment debtor of Vardaman Manufacturing Company, Inc., filed this interpleader action pursuant to 28 U.S.C. § 1335, and paid the sum of $63,745.91 into the registry of the District Court, thus initiating what eventually became a many-sided controversy among various litigants. D. V. Patridge, appellant, one of the defendants in the interpleader suit, filed answer claiming the sum of $11,000, plus interest. After lengthy proceedings, the District Court distributed the impleaded funds to Vardaman's creditors. Awards were made to five creditors, whose rights admittedly were superior to those of Patridge, and the balance of the fund was distributed as follows:

| | | |
|---|---|---|
| 6. | D. V. Patridge | $ 4,850.00 |
| 7. | United States [tax lien] | 4,197.41 |
| 8. | J. H. Tabb [judgment lien holder] | 3,787.48 |
| 9. | William P. Hamilton [judgment lien holder] | 285.08 |

The only issue before us relates to the sufficiency of the award to Patridge. All other issues have been resolved through stipulation, the pretrial order and the eventual distribution of the interpleaded fund.[1]

Patridge's claim of $11,000, plus interest, arose out of a loan to Vardaman by Patridge and two others— Brooks and King—in consideration of the execution by Vardaman of a deed of trust and an "Assignment as Collateral Security." For convenience sake, however, the attorney who handled the transaction used Patridge's name only in preparing the deed and assignment. When the interpleader suit was later filed, of the three, only Patridge filed answer.

The Court found that neither King nor Brooks was a party to the suit and consequently their rights could not be adjudicated. After the Court orally announced its decision, counsel for King and Brooks (who also represents Patridge) moved to reopen the case in order to permit them to intervene and adopt the pleadings, proceedings and evidence introduced in behalf of Patridge. Counsel indicated his reliance on Rule 17(a) as obviating the necessity of bringing claims in any name other than that of Patridge, who as a "real party in interest" had a right to represent himself and others for whose benefit he acted. The Court denied the motion to intervene as untimely made.

Patridge, acting in his own behalf and that of King and Brooks, has appealed from the final judgment of the District Court. He seeks judgment against the United States, J. H. Tabb and William P. Hamilton, for the respective amounts awarded these three appellees whose claims have been adjudged inferior to the Patridge claim. The United States concedes the validity of the total Patridge claim and urges our recognition thereof.

---

[1] Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

Tabb and Hamilton, however, oppose on the theory that Patridge, having been awarded the amount which he advanced, has not been aggrieved by the interpleader judgment and consequently has no standing to appeal.

On the basis of the evidence before us we find that the loan made by Patridge, Brooks and King, and secured by the assignment and deed of trust, constitutes a valid claim. The District Court found as a fact from the uncontradicted evidence that Patridge, Brooks and King had each advanced $4,000 to Vardaman, but that as laymen they entrusted to their counsel the business of working out a proper arrangement for them.

Under the liberal principles of Rule 15 (b) of the Federal Rules of Civil Procedure providing for amendments necessary to cause the pleadings to "conform to the evidence," the District Court would have been empowered to join Brooks and King. Nevertheless, resort need not be made to Rule 15 because of the language of Rule 17(a) of the Federal Rules of Civil Procedure which provides in pertinent part:

> "*Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest * * * a party with whom or in whose name a contract has been made for the benefit of another * * * may sue in his own name without joining with him the party for whose benefit the action is brought; * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Under Rule 17(a) Patridge, as the "real party in interest," clearly had

standing to bring the claim for the total amount in his own name for his own benefit and that of Brooks and King.

No conflict with state law is encountered. Brooks and King, as third-party beneficiaries to Mississippi contracts, would be entitled to enforce such contracts under the substantive law of that state. Burns v. Washington Savings, 251 Miss. 789, 171 So.2d 322 (1965); Ackerman v. Cook, 34 Miss. 262 (1857).

We have considered the contentions of appellees Hamilton and Tabb but find them to be without merit. Both law and equity uphold the position taken by Patridge in his representative capacity and by the Government in support thereof. Accordingly, we reverse the District Court insofar as the claim of Patridge is concerned, and remand for an appropriate order granting an award to Patridge in the full amount claimed, that is, the sum of $11,000 plus whatever interest is due on that amount.

Reversed and remanded.