### C. A. GRAYSON *v.* BROOKS, NEELY & CO.

1. CONTRACT. *When writing varied by contemporaneous oral agreement. Usury. Pleading.*

   B. brought an action of assumpsit against G., for breach of a written contract by which the latter, in consideration of supplies furnished and to be furnished, agreed to ship to the former three hundred bales of cotton, to be sold on commission, or in default of such shipment then to pay one dollar and a-quarter for every bale less than three hundred shipped as agreed. The plaintiff claimed damages for the failure of the defendant to ship him two hundred and ninety-five bales of cotton. The defendant pleaded that there was no consideration for the contract, and that the agreement as to the cotton to be shipped was only a scheme to avoid the usury laws and enable plaintiff to collect a greater sum by way of interest for furnishing supplies than the law allowed. To this plea there was a demurrer, which was sustained on the ground that a written contract could not be varied in its terms. *Held,* that the demurrer ought to have been overruled. The plea showed a state of facts which, if true, vitiated the contract entirely. *Cocke* v. *Blackbourne,* 58 Miss. 537, and *Cocke* v. *Blackbourne,* 57 Miss. 689, cited.

2. SAME. *Pleading. Damages. Case in judgment.*

   In the case above stated it was pleaded that a dollar and a-quarter per bale, for a failure to ship the cotton, was intended as a penalty, and not as liquidated damages, and that plaintiff suffered no actual damage. *Held,* that this plea did not constitute a plea in bar, but went merely to mitigate damages, and should have been given in evidence under the general issue.

3. PLEADING. *Notice of special matter, under special plea. Section* 1550, *Code* 1880.

   Under § 1550, Code of 1880, notice of special matter can only be given under the general issue. It is not allowable, either by statute or the rules of practice to give such notice under special pleas.

4. SAME.  *Action on contract.  Plea of want of consideration, when insufficient.*

   A plea to an action for breach of contract which alleges a want of consideration, but does not state *how* there was no consideration and does not negative the idea that there was some benefit or advantage to defendant, is bad on demurrer.  *Tittle* v. *Bonner*, 53 Miss. 578, cited.

5. SAME.  *Action on contract.  Plea too general.*

   And a plea to such action which sets out that "if plaintiff has been damnified it is because of his own wrong, and by and through his own means and default," is bad on demurrer, because it fails to show the facts wherein the wrong or default consists.

APPEAL from the Circuit Court of Tate County.

HON. A. T. ROANE, Judge.

Brooks, Neely & Co. brought this action of assumpsit for three hundred and sixty-eight dollars and seventy-five cents against C. A. Grayson for the latter's failure to ship them two hundred and ninety-five bales of cotton, as per his agreement, which is as follows:

"For and in consideration of amount already advanced in supplies to me, evidenced by note and open account, and the additional amount of eight hundred dollars in supplies, to be advanced by Brooks, Neely & Co., of Memphis, Tenn., to enable me to carry on my business at and near Sanatobia, Miss., I hereby agree and bind myself to ship them next fall and winter, at as early date as possible, not less than three hundred bales of cotton, to be sold on commission for my account. And I further agree if I fail to ship as many as three hundred bales, for every bale less than said number I will pay said Brooks, Neely & Co. one dollar and a-quarter, and this will authorize them to make such charge against my account.

"C. A. GRAYSON."

The first and third amended pleas set out in substance that the consideration for the contract sued on is not good and valuable; that defendant purchased of plaintiffs eight hundred dollars worth of merchandise to be afterward delivered; that the defendant and Mary Williams executed their promissory note for eight hundred dollars, with eight per cent. interest, in payment for merchandise; that with the design and intention of evading the laws against usury, plaintiffs exacted and demanded of defendant a bonus of three hundred and seventy-five dollars as additional interest by

the subterfuge of requiring plaintiffs to ship three hundred bales of cotton, or in default to pay one dollar and a-quarter per bale; that the sole and only consideration for the contract sued on was this usurious interest on the eight hundred dollar note.

The plaintiffs demurred to these two pleas, and the demurrers were sustained.

The second original plea simply sets out that there was no valid consideration for the contract sued on.

The third original plea says: " That if plaintiffs have been damnified by reason or on account of any matter or thing in the said condition of the said writing obligatory mentioned, it is because of their own wrong and by and through their own means and default." Then follows a notice of many things that defendant expects to show under this plea, such as that defendant's default in payment was caused by plaintiffs levying an attachment on defendant's property, that plaintiffs did not sell defendant's cotton as agreed, and charged higher prices for goods furnished than was warranted by the contract.

The second amended plea is substantially the same as the third original plea. The plaintiffs' demurrers to these last three pleas were sustained.

The fifth and sixth amended pleas set up that one dollar and twenty-five cents per bale for failure to ship cotton as agreed was intended as a penalty and not as liquidated damages, and that plaintiffs suffered no actual damage at all by means of defendant's failure to ship the cotton as agreed. The court below sustained demurrers to both of these pleas. The jury found for the plaintiffs and the defendant appealed, assigning for error the action of the court below in sustaining the several demurrers.

*Oglesby & Taylor*, for the appellant.

The matter whether the contract is a *bona fide* one for the shipment of cotton as security for supplies or to pay in default thereof commissions, or a contract to exact usury, is a question of fact for the jury. 7 Howard 521; 12 S. & M. 286; 1 Am. Dec. 25. To require of appellant the eight hundred dollar note bearing eight per cent. interest from date, and nearly four

hundred dollars commission, "is to place him," to use the terse language of Chancellor Kent, "within the grasp of persevering and usurious exactions." 5 Johns. Ch. R. 122. This case is very much like the one at bar and emphatically sustains the defense set up in the pleas. The following decisions condemn such contracts, and many of them are cases almost identical with this one. 9 Am. Dec. 286; 7 How. 521; 12 S. & M. 286; 40 Am. Rep. 47, and cases cited; *Neidenhumer* v. *Moyer*, 42 N. Y. S. Ct. 506; *Ford* v. *Hancock*, 36 Ark. 248. The authorities that hold such contracts to pay commissions valid whether earned or not, cases like *Mathews* v. *Coe*, 70 N. Y. 239, affirm the doctrine that such contracts, even when in proper and usual form and valid upon their face, may be made covers for usury. This fact should have been submitted to the jury. 7 Wait's Actions and Defenses 622; 3 Otto 344; 11 Am. Dec. 416, note. It is a question of intention. 10 S. & M. 96, and authorities before cited.

The authorities heretofore cited fully authorize inquiry into the real facts, and what was in fact the true consideration is always a proper matter for inquiry by the jury. Appellant would not have been permitted to deny the terms of the contract, that is, that he did not agree to ship the cotton or pay one dollar and twenty-five cents per bale for that not shipped, but he could attack it, and seek to overthrow it as being illegal, invalid. "The distinction," says the court in the case of *Cocke* v. *Blackbourne*, 57 Miss. 691, "is between the promise (which in this case was to ship cotton or pay commissions) and the consideration (whether to secure advances as set out in the contract or for usurious interest as claimed) between the obligation and that which supports it. The former cannot be altered, the latter may be. The terms of an obligation assumed to be valid cannot be varied by parol, but it may be shown what caused the party to make it." It may always be shown what induced the party to bind himself and thereby test the question whether he is legally bound as the writing imports.

The court also erred in overruling appellant's original third plea. This plea sets up the fact that the damages which appellees claim

to have expended, and for which they sue, was occasioned by and through their own conduct and fault. That among other things, they had wrongfully, without cause, attached his property, thereby causing others to do so, whereby he was prevented from complying with said contract to ship them cotton as per said contract, etc.

There is, we submit, no plainer proposition of law, none better settled, respecting contracts, than that the party seeking to recover damages for the failure to perform must not have contributed to or caused the default, must not have prevented performance or must be without fault in the matter himself.

The court also erred in sustaining the demurrer to appellant's fifth and sixth amended pleas. The fifth amended plea asserts that appellees were not damaged, suffered no loss or injury by appellant's failure to ship them cotton. The sixth amended plea asserts the same thing, and farther that the contract to pay for failure to ship the cotton was not agreed upon as liquidated damages, but as a penalty, etc. The court held the contract to be one for liquidated damages, and would allow no proof to show that no damage had been caused or experienced.

*Shands & Johnson*, for the appellees.

1. The second and third original pleas are general in terms, and do not state the facts relied on as a defense. The third plea is accompanied by a notice of what defendant expects to prove under it. But this is no part of the plea, and that manner of pleading is wholly unwarranted. It is only under the plea of the general issue that notice of special matter can be given. These two pleas may have been good at common law, but they are certainly bad under our Mississippi statutes as interpreted by our supreme court. Code of 1880, §§ 1536, 1546, and 1550; *Tittle* v. *Bonner*, 53 Miss. 578.

2. This contract is not usurious. There must be something added to it before it can be made so. Upon its face it is an agreement to ship three hundred bales of cotton to be sold on commissions and the proceeds applied to the account of the shipper. The consideration of the contract was goods already sold and eight hundred dollars worth still to be sold and delivered. The one dollar and a-

quarter per bale is liquidated damages agreed on between the parties to the contract for its breach. *Hogg* v. *Ruffner*, 1 Black (U.S.) 115; *Byrne* v. *Grayson*, 15 La. 457; *Sumner* v. *People*, 29 N. Y. (2 Tiffany) 337; *Gower* v. *Carter*, 3 Iowa 244; *Gilmore* v. *Ferguson*, 28 Ib. 220; *Tardeveau* v. *Smith*, 3 Am. Dec. 727; *Brown* v. *Maulsby*, 17 Ind. 10; *Rust* v. *Chisholm*, 57 Md. 376.

We conclude that whatever "scheme" or design may have induced the parties to make the contract sued on, when it was reduced to writing and agreed upon by the contracting parties, they did not bring into life and vitality anything that contravenes the usury laws of the State of Mississippi. Had the defendant complied with his contract and shipped the three hundred bales of cotton usury would have been entirely out of the question. *Gower* v. *Carter*, 3 Iowa 244; *Sumner* v. *People*, 29 N. Y. (2 Tiffany) 337.

If there was any agreement or contract that violates the usury laws concealed under this written contract our system of pleading requires that the defendant should disclose it and set it out in his pleas. He does not do so, and only intimates in a general and indefinite way that such facts do exist. He does not state in his pleas that it was secretly agreed and understood that the plaintiffs were to charge more commissions on the cotton shipped them than fair compensation for their skill and trouble in selling the same; he does not state that it was secretly agreed and understood that defendant was not in fact to ship the cotton but was to fail, so that plaintiffs could then recover the three hundred and seventy-five dollars as usurious interest on the note executed; leaving out the vague, indefinite, and general charge that there was a "scheme" and a "device" to exact and collect usurious interest on the eight hundred dollar note, there are no facts stated in any of the pleas that explain in what manner this usurious interest was to be gotten under this contract. Indeed, the contract, upon its face, completely negatives the idea of usury, and defendant says in his pleas that it was by making this contract that the fraudulent scheme and device was given shape.

3. The court correctly decided that the one dollar and twenty-five cents per bale stipulated for in case of failure to ship was

liquidated damages and recoverable as such. 1 Addison on Contracts, § 495 ; Ib. *supra ;* 2 Sedgwick on Damages (7th edition), top pages 231–2–3–8 ; *Crisdee* v. *Bolton,* 3 Car. & P. 240 ; *Pearson* v. *Williams' Adm'r,* 24 Wend. 244; *Knapp* v. *Maltby,* 13 Ib. 587 ; *Brown* v. *Maulsby,* 17 Ind. 10 ; *Williams* v. *Vance,* 9 S. C. 344 ; *Birdsall* v. *Twenty-Third Street Ry. Co.,* 8 Daly (N. Y.) 419 ; *Winch* v. *Mut. Benefit Ice Co.,* 9 Daly (N. Y.) 177.

COOPER, C. J., delivered the opinion of the court.

The demurrers to the first and third amended pleas should have been overruled. By these pleas the defense was made that the sole consideration of the contract sued on was usurious interest on a certain note for eight hundred dollars, executed at the time of the contract for goods then agreed to be sold ; that the true intent and purpose of the contract was to secure more than the highest interest allowed by law, and that the form of this contract was resorted to as a scheme and device to cover up and conceal its real nature.

The position assumed by counsel for appellees that it is not permissible to vary the writing by evidence of a contemporaneous oral agreement is untenable in cases in which, as here, the effort is to show that the agreement is wholly without legal effect. Where the parties have reduced their agreements to writing, it is not admissible to show another contract than that evidenced by the writing, but where, by the fraud of one or both of the parties, the true contract is not shown by the writing, and is not intended to be so shown, the principle invoked has no application. *Cocke* v. *Blackbourne,* 58 Miss. 537; *Cocke* v. *Blackbourne,* 57 Miss. 689.

The laws against usury could be easily avoided and evaded if the creditors, by resorting to the simple device of taking from the debtor a contract *legal in form* for the performance of some obligation not prohibited by law, could bar the courts from exploring the transaction to discover its real character. If, as the pleas state and the demurrers admit, the contract sued on was really a scheme and device to cover usurious interest, it is as incapable of supporting an action as though its true nature and purpose were written on its face.

The second and third original and the second amended pleas were insufficient, and the demurrers thereto properly sustained. *Tittle* v. *Bonner*, 53 Miss. 578.

With his special pleas the defendant gave notices of special matter to be given in evidence on the trial of the cause. These notices lend no aid to the insufficient pleas, nor is there any rule of pleading known to us which warrants notice of this character to be given under a special plea. Our code (§ 1550) permits a defendant to plead the general issue and give notice of special matter thereunder, but this notice is intended to take the place of special pleas and is wholly inappropriate when given under the special plea itself.

The fifth and sixth amended pleas are bad because they are not pleas in bar of the action but in mitigation of damages. Matters in mitigation of damages merely should be given in evidence under the general issue, for by that plea the defendant puts upon the plaintiff not only the proof of his injury, but its extent. *Hopple* v. *Higbee*, 3 Zabriskie 343.

*The judgment is reversed and cause remanded to be proceeded with anew in the court below.*