**DONALD, Collector of Internal Revenue, v.**
**J. WHITE LUMBER CO.**

No. 7185.

Circuit Court of Appeals, Fifth Circuit.

Jan. 16, 1934.

R. M. Bourdeaux, U. S. Atty., of Meridian, Miss., and Sewall Key, Erwin N. Griswold, and W. F. Evans, Sp. Assts. to Atty. Gen., for appellant.

John J. Finnorn, of New Orleans, La., and H. H. Creekmore, of Jackson, Miss., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The government collected taxes for the years 1917 to 1924, inclusive, upon the income derived by appellee from a tract of timber which it owned, and which it had acquired prior to March 1, 1913, the effective date of the first income tax law. The value of the timber as of March 1, 1913, it is agreed by the parties, is the correct basis of allowances for depletion in arriving at the amount of income taxes for any subsequent year. This being so, the basic value remains the same during all the taxable years above mentioned. The smaller the value placed upon the timber, the greater would be the income subject to taxation. The value of the timber was determined by the Commissioner of Internal Revenue to be $5.25 per thousand feet, and upon such valuation he made his assessment of the amounts of taxes which appellee was required to pay. This is the third action which appellee has brought for a refund, and the only one in which an appeal has been taken. The only difference here material in the three actions is the taxable years involved in each. Appellee brought his first action against the Commissioner of Internal Revenue and before the Board of Tax Appeals, which determined the value of the timber to be $5.34 per thousand feet. 24 B. T. A. 274. The second action, like the present one, was brought against the collector of internal revenue in the federal District Court for the Southern District of Mississippi. In it the value of the timber was placed at $7 per thousand feet. In this third action appellee recovered a judgment which was also based upon a valuation of the timber at $7 per thousand feet. The judgment in the first action was entered December 4, 1931; in the second, April 9, 1932. The third was brought July 9, 1932. The evidence upon the last trial is not before us. The only assignment of error insisted upon or open for consideration complains of the action of the trial court in sustaining a demurrer to appellant's special plea which set out the judgment of the Board of Tax Appeals and its finding of fact to the effect that the timber was worth $5.34 per thousand feet, which finding it is contended is binding upon appellee and estops it to assert that the timber as of March 1, 1913, had a greater or higher value. One ground of appellee's demurrer was that it was not estopped by the judgment of the Board of Tax Appeals to claim a higher value because of the later judgment of the District Court in the second suit. The judgment in the second suit, that is to say, in the first suit before the District Court, was referred to in the petition in the instant suit as having established the value of the timber, though it was not in terms pleaded. In that suit the judgment of the Board of Tax Appeals was not

pleaded, offered in evidence, or in any way relied on by appellant. Upon appellee's suggestion of a diminution of the record, it is made to appear that upon the trial of this case the District Court had before it and considered all the pleadings, its own findings of fact, conclusions of law, and the judgment in the prior suit tried before it. A certified copy of those proceedings is presented here upon a motion for certiorari. That motion is granted, and the filing in the clerk's office of such certified copy will be considered a sufficient return to the writ.

Any technical error committed by the trial court in sustaining the demurrer to the special plea, or in not overruling it on the ground that it was a speaking demurrer, in our opinion is shown by the record to be harmless. The judgment of the Board of Tax Appeals was pleaded, not in bar of the action, since even under it appellee would have been entitled to recover, but in mitigation of damages. The general issue put upon appellee the burden of proof not only of damages, but also of the extent thereof; and so appellant's special plea was not necessary. Grayson v. Brooks, 64 Miss. 410, 417, 1 So. 482. On the other hand, appellee was not obliged to plead the prior judgment of the District Court in order to have the benefit of it upon the issue of the value of the timber. Southern Pacific R. R. Co. v. United States, 168 U. S. 1, 57, 18 S. Ct. 18, 42 L. Ed. 355; Harms & Francis, Day & Hunter v. Stern (C. C. A.) 229 F. 42. A prior judgment is conclusive evidence as to all matters in issue and thereby determined, in a subsequent suit upon a different cause of action between the same parties or their privies. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195. The requisite privity exists between the collector and the Commissioner of Internal Revenue, the latter of whom was defendant in the suit before the Board of Tax Appeals. Tait v. Western, etc., Ry. Co., 289 U. S. 620, 53 S. Ct. 706, 77 L. Ed. 1405. The real question before the District Court in the instant case, therefore, was whether the judgment which worked an estoppel as to the value of the timber was the judgment of the Board of Tax Appeals or its own prior judgment. It is not doubted that the judgment of the Board could have been successfully relied on to establish the value of the timber in the first suit before the District Court. But the government, for reasons of its own, chose not to rely on it in that suit, and in our opinion thereby waived it, and cannot assert it in this case. Where there are two conflicting judgments, the last in point of time is the one which controls. Dimock v. Revere Copper Co., 117 U. S. 559, 6 S. Ct. 855, 29 L. Ed. 994; Dowell v. Applegate, 152 U. S. 327, 14 S. Ct. 611, 38 L. Ed. 463; Horse Creek Coal Co. v. Alderson (C. C. A.) 266 F. 477; Freeman on Judgments (5th Ed.) § 629. The ruling on the demurrer did not affect any substantial right of appellant, and therefore presents no just cause for reversal. 28 USCA § 391.

The judgment is affirmed.