925 F.2d 142
 13 Employee Benefits Ca 1706
 TOTAL PLAN SERVICES, INC., Carroll Stewart, and George
Washington Life Insurance Company, Plaintiffs-Appellants,
v.
TEXAS RETAILERS ASSOCIATION, INC., Texas Retailers
Association Group Benefit Trust, and James T. Odiorne, Texas
State Board of Insurance, Liquidation Division, as receiver
of Texas Retailers Association Group Benefit Trust,
Defendants-Appellees.
 No. 90-8290.
 United States Court of Appeals,
Fifth Circuit.
 March 6, 1991.
 
 Michael Diehl, Austin, Tex., R. James George, Jr., Eric G. Behrens, Graves, Dougherty, Hearon & Moody, Austin, Tex., for plaintiffs-appellants.
 Joseph P. Kelly, Victoria, Tex., Kelly, Stephenson & Marr, Victoria, Tex., for George Washington Life Ins. Co.
 Mark L. Kincaid, Joe K. Longley, Long & Maxwell, Austin, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Texas.
 Before REAVLEY, JONES, and SMITH, Circuit Judges.
 JERRY E. SMITH, Circuit Judge:
 
 
 1
 Appellees filed suit in state court, seeking adjudication of their pension and fiduciary claims. After that court held that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001 et seq., did not preempt the claims raised by the parties, appellants sought to have the state court proceedings enjoined and to have the federal district court issue a declaratory judgment that the claim was covered by ERISA and thus preempted by federal law. The federal district court dismissed the complaint for failure to state a claim, holding that the Anti-Injunction Act, 28 U.S.C. Sec. 2283, prohibited it from enjoining a state court's consideration of the matter. The district court also indicated its intention to award attorneys' fees to defendants but reserved a final decision on the issue of fees. Finding no reversible error, we affirm and remand for consideration of attorneys' fees.
 
 I.
 
 2
 The Texas Retailers Association (TRA) is a group of retailers who band together to perform certain functions, such as bill collecting, lobbying, and providing insurance for members through its Group Trust (the TRA Trust). By 1985 the TRA Trust faced insolvency and invited several companies, including plaintiff George Washington Life Insurance Co. (George Washington), to submit proposals for improving its financial condition.
 
 
 3
 George Washington proposed to provide insurance that would liquidate the TRA Trust's accrued liabilities and stabilize the program. TRA and the TRA Trust construed this as a binding agreement; George Washington thought it only a proposal. Pursuant to an earlier deal with plaintiff Total Plan Services, Inc. (Total Plan), George Washington began to contact individual TRA members, offering them direct insurance for lower premiums. This induced many TRA members to withdraw from the Trust.
 
 
 4
 TRA and the TRA Trust filed suit in state court, alleging breach of contract and equitable estoppel, unfair insurance practices, deceptive trade practices, breach of the duty of good faith and fair dealing, tortious interference with contractual relations, and gross negligence. George Washington, Total Plan, and plaintiff Carroll Stewart filed motions for summary judgment, alleging that the TRA Trust and its fiduciaries were governed by provisions of ERISA and that the suit thus could be brought only in federal court. The state court denied the motion. Three weeks later, the same parties filed suit in federal district court, again alleging that under ERISA the federal courts have exclusive jurisdiction over this matter. Characterizing the declaratory judgment suit as "a patent attempt" to skirt the state court proceeding, the district court dismissed the complaint.
 
 II.
 
 5
 ERISA provides federal regulation for private-sector, job-related benefit programs. See 29 U.S.C. Sec. 1002(1). All plan administrators, officers, trustees, and custodians are fiduciaries for purposes of ERISA. Id. Secs. 1002(14)(A), 1002(21)(A). ERISA also provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by ... a fiduciary." Id. Sec. 1132(e). The recent decision in Ingersoll-Rand Co. v. McClendon, --- U.S. ----, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), reinforces the plain language of ERISA by establishing that ERISA is entirely federal in character.
 
 
 6
 Plaintiffs argue that the federal nature of their ERISA claim mandates that we grant their request to prevent the state court from continuing to hear this case. The Anti-Injunction Act forbids such a result, however, regardless of the propriety of the state court's entertaining this suit.
 
 
 7
 The Anti-Injunction Act, with limited exceptions, generally proscribes a federal court from issuing injunctions to prevent a state court from proceeding: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. Sec. 2283. "[A]ny injunction against state court proceedings ... must be based on one of the specific statutory exceptions to Sec. 2283 if it is to be upheld." Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).
 
 
 8
 These statutory exceptions "are narrow and are 'not [to] be enlarged by loose statutory construction,' " Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988) (quoting Atlantic Coast Line, 398 U.S. at 287, 90 S.Ct. at 1743), and are the exclusive exceptions under the act; "the prohibition [of section 2283] is not to be whittled away by judicial improvisation." Amalgamated Clothing Workers v. Richman Bros., 348 U.S. 511, 514, 75 S.Ct. 452, 454, 99 L.Ed. 600 (1955). Furthermore, under the Anti-Injunction Act, the presumption is that state courts are the best arbiters of state court jurisdiction; thus, state proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." Atlantic Coast Line, 398 U.S. at 287, 90 S.Ct. at 1743. Thus, "any doubts are to be resolved in favor of allowing the state court action to proceed." Texas Employers' Insurance Ass'n v. Jackson, 862 F.2d 491, 499 (5th Cir.1988) (en banc), cert. denied, 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 404 (1989). This holds true even where the state proceedings "interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear." Atlantic Coast Line, 398 U.S. at 294, 90 S.Ct. at 1747 (emphasis added).
 
 
 9
 These principles lead to the ineluctable conclusion that the district court could not properly issue an injunction against the state court proceedings. Plaintiffs argue that they fall within an exception to the Act because in ERISA, injunctions are "expressly authorized by Act of Congress." Specifically, plaintiffs point to 29 U.S.C. Sec. 1132(a)(3), which provides that "[a] civil action may be brought ... (A) to enjoin any act or practice which violates any provision of this subchapter...." However, we do not believe this provision fairly can be read to make the mere filing of a state court proceeding a "violation" of ERISA.
 
 
 10
 Moreover, in order to avail themselves of this exception, plaintiffs must show that Congress "created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." Mitchum v. Foster, 407 U.S. 225, 237, 92 S.Ct. 2151, 2159, 32 L.Ed.2d 705 (1972). In evaluating whether this has occurred, "[t]he test ... is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding." Id. at 238, 92 S.Ct. at 2160.
 
 
 11
 In analyzing plaintiffs' claim, we find illumination in our en banc decision in Jackson, which analyzed the Anti-Injunction Act. Although that case involved the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Secs. 901-950 (1986), its reasoning is directly applicable to the instant case.
 
 
 12
 The plaintiff in Jackson, like those here, argued that its rights were governed by federal law and that the claims inserted in state court thus were preempted. We rejected this position, however, stating that "whether or not Jackson's claims were preempted by the LHWCA, the district court nevertheless lacked authority to issue the injunction by virtue of the Anti-Injunction Act." 862 F.2d at 494 (emphasis added).
 
 
 13
 In so concluding, we addressed the instant plaintiffs' argument that, because the state court in this case may have had no jurisdiction to entertain the suit under ERISA, a federal court properly could enjoin it from acting.[1] This argument is superficially compelling, until one considers that the three exceptions contained within section 2283 are the only exceptions to the Act. As we noted in Jackson in our discussion of Amalgamated Clothing Workers, "[p]lainly the Court held that a complete lack of state court subject matter jurisdiction, due to federal preemption, comes within none of the exceptions to section 2283 and provides no basis for avoiding the prohibition of section 2283." Id. at 499.
 
 
 14
 We also draw support from the Third Circuit, which applied reasoning similar to that used in Jackson in the ERISA context. In United States Steel Corp. Plan for Employee Ins. Benefits v. Musisko, 885 F.2d 1170 (3d Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990), the court concluded that ERISA does not fall within the "expressly authorized" exception of section 2283.[2]
 
 
 15
 The plaintiffs in Musisko made the same arguments now made by Total Plan, based upon Mitchum and Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977). But the court noted that while ERISA, in 29 U.S.C. Sec. 1132(a)(3), requires all disputes between fiduciaries to be brought in federal court, see Musisko, 885 F.2d at 1177, "[c]onspicuously absent from the language of this ERISA injunction provision is any suggestion of its use by federal courts against state tribunals." Id. The court also observed that simply because an area of law is federal, the proper forum to make that determination is not necessarily federal as well. Rather, it is for the state court to interpret the law for itself, even where it is seemingly obvious. As the Musisko court stated,
 
 
 16
 A federal court may not enjoin state court proceedings merely because they 'invade an area pre-empted by federal law even when the interference is unmistakably clear,' Chick Kam Choo, 486 U.S. at , 108 S.Ct. at 1691, or where the 'incursion upon a federally pre-empted domain dislocates the federal scheme as a whole,' Richman Bros., 348 U.S. at 517, 75 S.Ct. at 456. The fact that the state proceeding presents a preemption issue does not alter the respect due the state tribunal. '[T]he proper course is to seek resolution of that issue by the state court.' Chick Kam Choo, 486 U.S. at , 108 S.Ct. at 1691.
 
 
 17
 885 F.2d at 1177-78 (emphasis added, footnote omitted). The court then rejected the applicability of the same cases that the instant plaintiffs use in an attempt to skirt Musisko and Jackson.
 
 
 18
 The opinion in Musisko is well in accord with both Jackson and relevant Supreme Court precedent.[3] We therefore adopt its reasoning. Although plaintiffs present good arguments that the proper tribunal for an ERISA fiduciary action is a federal court, the appropriate authority to decide the scope of the ERISA preemption issue in this case is the state court, where the action initially was filed and where this issue initially was presented and ruled upon. As the Supreme Court has stated, we should not be swayed by any "assumption ... that federal rights will not be adequately protected in the state courts." Amalgamated Clothing Workers, 348 U.S. at 517, 75 S.Ct. at 456. We thus affirm the district court's denial of an injunction.
 
 III.
 
 19
 The district court made no final determination on the issue of attorneys' fees. We remand now for consideration of that issue.
 
 
 20
 The judgment of the district court is AFFIRMED, and this matter is REMANDED for consideration of any reasonable attorneys' fees.
 
 
 
 [1]
 Plaintiffs also argue that the Anti-Injunction Act covers only injunctions and not the declaratory relief that they also requested. In Jackson, however, we held that "[s]ection 2283 and the principles which underlie it prevent declaratory as well as injunctive relief." 862 F.2d at 508 (emphasis added)
 
 
 [2]
 Plaintiffs contend that Musisko is irrelevant to the instant case because there the section in question gave concurrent jurisdiction to state and federal courts. This attempted distinction ignores the core teaching of Jackson, which is that even if a federal court has exclusive jurisdiction, it cannot enjoin a state court from invading even a preempted federal domain. Under Jackson, the federal court cannot issue an injunction, regardless of whether ERISA gives federal courts concurrent or exclusive jurisdiction
 
 
 [3]
 We are not fully persuaded by Musisko 's attempt to distinguish General Motors Corp. v. Buha, 623 F.2d 455 (6th Cir.1980), which opines that ERISA should be an expressly authorized exception to the Anti-Injunction Act. The Third Circuit distinguished Buha on its facts, but the factual differences cited do not appear to be controlling, as both cases govern Sec. 1132 fiduciaries. We choose Musisko as the proper analogue, however, because it is consistent with Jackson