Dianne CASTANO, et al.

v.

The AMERICAN TOBACCO COMPANY, et al.

Civ. A. No. 94–1044.

United States District Court, E.D. Louisiana.

March 14, 1995.

Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, LA, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA, Wells Talbot Watson, Baggett, McCall & Burgess, Lake Charles, LA, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Calvin Clifford Fayard, Jr., Donna Unkel Grodner, Fayard, Harris & Honeycutt, Denham Springs, LA, Michael X. St. Martin, St. Martin, Lirette, Shea, Watkins & McNabb, Houma, LA, George Febiger Riess, Monroe & Lemann, New Orleans, LA, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA, Daniel G. Abel, Wendell H. Gauthier, Dana Kim Cormier, Gauthier & Murphy, Metairie, LA, Edwin Rene Murray, Edwin R. Murray & Associates, New Orleans, LA, Carter & Cates, Peter Joseph Butler, Peter J. Butler, Jr., Locke, Purnell, Rain & Harrell, P.C., New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Robert Lieff, Lieff, Cabraser & Heimann, San Francisco, CA, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, John (Jack) Brown Baldwin, Scott Baldwin, Baldwin & Baldwin, Marshall, TX, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, Louie J. Roussel, III, Metairie, LA, Bruce C. Dean, New Orleans, LA, Perry Weitz, New York City, Melvin Belli, San Francisco, CA, Margaret Moses Branch, Turner Branch, Branch Law Firm, Albuquerque, NM, John P. Coale, Coale, Allen & Van Susteren, Washington, DC, Ralph Irving Knowles, Jr., Kenneth S. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Andrew W. Hutton, Mark B. Hutton, Michaud, Hutton & Bradshaw, Wichita, KS, Richard Alexander, The Alexander Firm, San Jose, CA, Stanley M. Chesley, Sherrill P. Hondorf, Waite, Schneider, Bayless & Chesley, L.P.A., Cincinnati, OH, Gayle L. Troutwine, Jeffrey S. Merrick, Williams & Troutwine, Portland, OR, Robert D. Greenbaum, Diane M. Nast, Myles H. Malman, Kohn, Nast & Graf, Stephen A. Sheller, John P. Kopesky, Sheller, Ludwig & Badey, Philadelphia, PA, Michael L. Williams, Williams & Troutwine, Portland, OR, Stephen Barnett Murray, Murray Law Firm, New Orleans, LA, Richard A. Daymard, Northeastern University School of Law, Boston, MA, Jodi W. Flowers, Susan Nial, Charles W. Patrick, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, Francis H. Hare, Jr., Attorneys Information Exchange Group, Inc., Birmingham, AL, Ronald L. Motley, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, John R. Climaco, Michael V. Kelley, Jack D. Maistros, Shannon P. Haggerty, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, John Bologna Krentel, Metairie, LA, Michael Gallagher, Fisher, Gallagher & Lewis, Houston, TX, John W. "Don" Barrett, Barrett Law Firm, Lexington, MS, Jorge Ortiz–Brunet, Ortiz Toro & Ortiz–Brunet, Hato Rey, PR, Will Kemp, Las Vegas, NV, Francis O. Scarpulla, San Francisco, CA, Charles Zimmerman, Zimmerman & Reed, Minneapolis, MN, Steven J. Rodman, Allen, Rodman, PC, Malden, MA, Sybil Shainwald, New York City, for plaintiffs.

Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, Bruce G. Sheffler, Chadbourne & Parke, New York City, for defendant American Tobacco Co.

Steven W. Copley, John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for defendant Lorillard Inc.

John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for defendant Lorillard Tobacco Co.

Charles Fenner Gay, Jr., Scott Edward Delacroix, Thomas J. Wyllie, Adams & Reese, New Orleans, LA, Gary R. Long, Allen Rennie Purvis, Shook, Hardy & Bacon, Kansas City, MO, for defendant Phillip Morris Inc.

Stephen H. Kupperman, Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, L.L.P., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendant RJR Nabisco.

Stephen H. Kupperman, Phillip A. Wittmann, S. Ann Saucer, Stone, Pigman, Walther, Wittmann & Hutchinson, L.L.P., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Theodore M. Grossman, Paul G. Crist, Hugh R. Whiting, Mark A. Belasic, Jones, Day, Reavis & Pogue, Cleveland, OH, for defendant R.J. Reynolds Tobacco Co.

John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, James V. Kearney, Francis K. Decker, Jr., Mudge, Rose, Guthrie, Alexander & Ferdon, New York City, for defendant Liggett Group, Inc.

Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, for defendant American Brands Inc.

Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips Toler & Sarpy, New Orleans, LA, Griffin B. Bell, King & Spaulding, Atlanta, GA, for defendant Brown & Williamson Tobacco Corp.

Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendants Batus Holdings Inc. et al.

John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for defendant Liggett & Myers Inc.

Charles W. Schmidt, III, Christovich & Kearney, New Orleans, LA, for defendant United States Tobacco Co.

Alan Harry Goodman, Thomas Mente Benjamin, Lemle & Kelleher, Morris H. Hyman, New Orleans, LA, for defendant Tobacco Institute.

Suzanne V. Foulds, pro se.

Robert H. Walker, pro se.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a "Motion for Expedited Hearing on Motion for Temporary Restraining Order and Preliminary and Permanent Injunction" as well as an underlying motion for a temporary restraining order and injunctive relief filed by plaintiffs. Having reviewed the memoranda of the parties, the record and the applicable law, the motion for expedited hearing is GRANTED, with the motion for injunctive relief and/or a temporary restraining order to be decided on the memoranda presently filed. Further, plaintiffs' request for injunctive relief or a temporary restraining order is DENIED.

### Background

On Monday, March 13, 1995, Plaintiffs seek an order preventing defendant Brown & Williamson Tobacco Company (hereinafter "Brown & Williamson") from deposing one of their attorneys, Richard Heimann. The deposition is scheduled for this date at 12 noon, Pacific Time, in San Francisco, California. Heimann was subpoenaed for the deposition in the matter entitled "Brown & Williamson Tobacco Corporation v. Regents of the University of California et al," Case No. 967298, Superior Court of the State of California, County of San Francisco.

In that action Brown & Williamson seeks recovery of allegedly confidential documents allegedly stolen from it and in the possession of the University of California.[1] Brown & Williamson also seeks injunctive relief to prevent access to these documents.

According to plaintiffs' memorandum, Heimann also possesses a copy of these documents.

In its memorandum in opposition to plaintiffs' instant request, Brown & Williamson

---

1. A copy of this lawsuit is attached to the affidavit of Heimann, Exh. A1, to plaintiffs' motion.

states that a University of California professor deposed in the California case testified that, after Heimann learned the university had the records, Heimann contacted the professor, inquiring if Heimann could assist in the research. (Deposition of Professor Stanton Glantz, Exh. D to Brown & Williamson's opposition, pp. 18–19.) The professor further testified that he told Heimann that he could assist but that the work to be done with Glantz did not qualify as attorney work product and did not grant Heimann any proprietary interest in the documents. *Id.*

Following this deposition, Brown & Williamson subpoenaed Heimann for his deposition.

The plaintiffs claim that this Court should issue a temporary restraining order and, if this Court decides it to be appropriate, allow the deposition to proceed in this case only, not in the California lawsuit. Plaintiffs contend that Brown & Williamson is using the California action in a "veiled attempt to discover counsel's communications and mental impressions" as well as an attempt to discover Heimann's work product on matters before this Court.

Plaintiffs believe that injunctive relief is proper under either the All Writs Act, 28 U.S.C. § 1651(a), or, alternatively, Fed. R.Civ.P. 65.

Brown & Williamson argues that any injunction is barred by the Anti–Injunction Act, 28 U.S.C. § 2283.

### Law and Application

The All Writs Act and the Anti–Injunction Act grant "similar and parallel ... authority to federal courts." *Cinel v. Connick,* 792 F.Supp. 492, 496 (E.D.La.1992). The All Writs Act grants authority to courts to issue writs "necessary or appropriate in aid of their respective jurisdictions." The Anti–Injunction Act provides that federal courts may not enjoin state-court proceedings except in three distinct circumstances: where congressionally authorized, "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

■ The issue in the present case is whether this Court should grant injunctive relief to aid in its jurisdiction. It is axiomat-

ic that the All Writs Act is to be construed narrowly. *Total Plan Services v. Texas Retailers Association,* 925 F.2d 142, 144 (5th Cir.1991). Further, "jurisdiction" as used in the All Writs Act has an even narrower meaning, relating to federal *in rem* jurisdiction or the superintendence of continuing actions by a federal court. *State of Texas v. United States,* 837 F.2d 184, 186–87, n. 4 (5th Cir.1988).

■ The California matter is not an *in rem* action relating to federal jurisdiction. Nor does it involve continuing supervision of an ongoing matter by a federal court.

"A good argument can be made that on similar grounds it should be permissible for a federal court to enjoin state proceedings that would interfere with an efficient disposition of a federal class action." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d,* § 4255 at 531–33. Assuming *arguendo* that this contention is correct, although the present case is a class action plaintiffs have made an insufficient showing that Heimann's deposition will interfere with the efficient disposition of the present case. Plaintiffs have only stated generally, without any concrete support, that Heimann's deposition is an attempt to discover privileged material.

Moreover, this Court has been presented with no law that indicates Heimann could not object to the relevancy of any questions and/or refuse to testify to matters which he believes may infringe on any attorney-client privilege or work-product doctrine. Indeed, Brown & Williamson argues that Heimann has not even sought any injunctive relief from the California court, where he also could conceivably seek a protective order from improper questions.

Further, the California state court can recognize any "federal" work product doctrine that may be applicable. "[W]hen a state proceeding presents a federal issue, even a pre-emptive issue, the proper course is to seek resolution of that issue by state courts." *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 149–50, 108 S.Ct. 1684, 1691, 100 L.Ed.2d 127 (1988).

Turning to the All Writs Act, this Court may not enjoin conduct that is "not shown to be detrimental to the court's jurisdiction." *ITT Community Dev. Corp. v. Barton,* 569 F.2d 1351, 1359 (5th Cir.1978). In fact, the All Writs Act must be "directed at conduct, which, left unchecked, would have the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." *Id.* (Footnote omitted).

Plaintiffs have not shown that Heimann's deposition would diminish the effect of bringing the present litigation to its conclusion. As this Court sees it, Heimann's deposition is aimed at his knowledge of the circumstances involving the allegedly stolen, confidential documents, which is not an issue in the present case.[2]

Therefore, the Court declines to enjoin the deposition of Heimann in the California proceeding. The Anti–Injunction Act is applicable on the basis of the record, not the All Writs Act. Also inapplicable is any request for injunctive relief under Fed.R.Civ.P. 65.

Accordingly,

IT IS ORDERED that plaintiffs' motion for expedited hearing is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' request for a temporary restraining order and/or injunctive relief to prevent the deposition of attorney Richard Heimann is DENIED.

---

**2.** The Court finds that *Cinel* is inapposite factually, for there the district court found that there was a danger of destruction or loss of documents that defendants could use to establish their defense. *Cinel,* 792 F.Supp. at 497–98. Plaintiffs have not presented this Court with any evidence of loss of documents. Indeed, the documents appear to be in the hands of numerous media, according to plaintiffs' memorandum.