# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-IA-01362-SCT

*DEERE & COMPANY AND PARKER TRACTOR &*
*IMPLEMENT COMPANY, INC.*

*v.*

*FIRST NATIONAL BANK OF CLARKSDALE AND*
*EDWARD J. JOHNSON, JR. d/b/a F & E FARM*


DATE OF JUDGMENT:          07/16/2007
TRIAL JUDGE:               HON. CHARLES R. BRETT
COURT FROM WHICH APPEALED: COAHOMA COUNTY COURT
ATTORNEYS FOR APPELLANTS:  JOHN B. GILLIS
                           KEN R. ADCOCK
ATTORNEYS FOR APPELLEES:   TOM T. ROSS
                           DANA J. SWAN
NATURE OF THE CASE:        CIVIL - CONTRACT
DISPOSITION:               AFFIRMED AND REMANDED -11/13/2008
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE SMITH, C.J., GRAVES AND RANDOLPH, JJ.

### SMITH, CHIEF JUSTICE, FOR THE COURT:

¶1.     Deere appeals to this Court from an interlocutory order of the Coahoma County Court. Deere attempted to enjoin a writ of garnishment to satisfy a final judgment against it. The final judgment was affirmed by this Court on its second appeal in favor of Appellee Johnson. Aggrieved by the trial court's refusal to grant summary judgment, Deere now appeals and raises the following issues:

> **I.      Whether the trial court erred in its denial of summary judgment by upholding this Court's judgment as the proper final judgment, upon which collection may validly issue.**

**II.    Whether the trial court erred in its denial of summary judgment by holding that the last-in-time doctrine is inapplicable.**

**III.   Whether the trial court erred in its denial of summary judgment by holding this Court's judgment as the law of the case.**

### FACTS AND PROCEDURAL HISTORY

¶2.    The underlying issue of substantive law upon which this case rests is a generally straightforward breach-of-contract claim for failure to repay an installment loan, and its attendant counter-claimed defenses of breach of express warranty and breach of warranty of merchantability, inter alia.  The real issue on interlocutory appeal, however, is an attempt to undermine the adjudicative authority of this Court.  The initial appearance of complexity is due to the procedural wrangling that has been complicated with nearly simultaneous filings, trials, appeals, rehearings, and further appeals in both state and federal court, all arising from the same nucleus of operative fact.

¶3.    Appellee Johnson purchased a combine for $153,173.36 in 1994 from Parker Tractor, a retailer for Appellant Deere. Johnson made a single payment of $30,634.36, and made no more payments.  Johnson claimed that the combine never operated properly and that Parker Tractor was unable to fix the problem.  Johnson wrote a letter to Deere revoking acceptance of the combine, which revocation Deere refused to accept.  Johnson continued to use the combine for three farming seasons, from 1994 through the spring of 1996.  In the interim, after this protracted litigation was well underway, Deere eventually repossessed and sold the combine.

¶4.    In September 1995,  Deere filed suit against Johnson in the U.S. District Court for the Northern District of Mississippi for failure to make payments on the loan.   Johnson counterclaimed alleging, inter alia, breach of warranty.

¶5.    In October 1995, Johnson sued retailer Parker Tractor in the Coahoma County Circuit Court for breach of express warranty.  Deere, as manufacturer of the combine, agreed to indemnify and defend Parker Tractor.  The state case proceeded to trial, and a jury verdict was rendered in November 1996; the jury awarded Johnson $150,000.  The trial court entered a remittitur[1] for $60,000, leaving a final judgment in favor of  Johnson for $90,000.  The $90,000 judgment in favor of Johnson from the trial court proceedings was entered in February 1998.

¶6.    Deere, as indemnitor for Parker, timely posted a supersedeas bond staying execution of the $90,000 judgment, and Parker appealed the circuit court's decision to this Court.  This Court reversed the trial court judgment and remanded the case back to circuit court for a new trial.  Deere filed a motion for rehearing with this Court, which was granted.   In January 2002, this Court reversed its original holding and affirmed the trial court's decision, reinstating the $90,000 judgment in favor of Johnson.  *Parker Tractor & Implement Co. v. Johnson*, 819 So. 2d 1234, 1242 (Miss. 2002).

---

[1] Although not at issue herein, our recent decision in *Dedeaux* clarifies the law regarding remittiturs or additurs.  Once a trial judge has granted an additur or remittitur, it shall take effect only upon agreement by both parties.  Should either party not agree to the additur or remittitur, that party has a right to seek a new trial on damages, or under an abuse of discretion standard, appeal the order.  Further, the previous guidelines that constrained a trial judge to arrive at an appropriate amount have been eliminated, allowing for greater discretion on a case-by-case basis.  Finally, "the trial court's denial of a motion for additur or remittitur would be subject to appellate review via an assignment of error . . . [that said verdict] was contrary to the substantial weight of the evidence." *Dedeaux v. Pellerin Laundry, Inc.*, 947 So. 2d 900, 908-09 (Miss. 2007).

¶7.     In the interim, the federal case proceeded to trial in June 2000, while the state appeal on rehearing was pending.  The jury awarded nothing to either party.  ***Deere & Co. v. Johnson***, 271 F.3d 613, 615 (5th Cir. 2001).  Upon motion by Deere, the district court judge amended the pleadings to conform to the evidence and entered an award in favor of Deere of $70,000, using the doctrine of quantum meruit to reimburse Deere for the time the combine had been used by Johnson.  ***Id.***  Both Johnson and Deere appealed.  In November 2001, the Fifth Circuit reversed and remanded with instructions to enter a take-nothing verdict for Johnson.  ***Deere & Co.  v. Johnson,*** 271 F.3d at 624.  The district court entered a take-nothing judgment consistent with the Fifth Circuit opinion.

¶8.     On rehearing, as noted above, this Court reversed its original decision and  reinstated the state trial court's verdict in favor of Johnson in the amount of $90,000.   After the Fifth Circuit opinion directed a take-nothing verdict, this Court handed down a  final judgment in January 2002.  ***Parker Tractor v. Johnson***, 819 So. 2d at 1242.

¶9.     Subsequently, in December 2002, Deere filed another federal suit in the U.S. District Court for the Northern District of Mississippi seeking to invalidate the $90,000 state judgment under the Federal Anti-Injunction Act.  The district court rejected Deere's claim and made clear that the relitigation exception to the Federal Anti-Injunction Act that Deere sought to invoke was inapplicable; the validity of this Court's judgment was not in question; final judgment was effective as of the date of entry of the original jury verdict in 1998.  The district court steadfastly refused to enjoin this Court's ruling.  Deere filed a motion to reconsider, which was denied.  Deere appealed to the Fifth Circuit. The Fifth Circuit, in an unpublished opinion dated May 14, 2003, affirmed the district court's decision and refused to enjoin this

4

Court on federalism grounds, indicating its intent to protect the integrity of the state and federal judiciary. ***Deere & Co. v. Johnson***, 67 Fed. Appx. 253 (5th Cir. 2008). In doing so, the Fifth Circuit effectively acknowledged that its 2001 opinion directing a take-nothing judgment was a virtual nullity.

## THE PRESENT CASE

¶10. The actual controversy at bar arose when First National Bank sued Johnson in August 2001 in the County Court of Coahoma County, seeking judgment in its favor in the amount $45,439.08, plus costs, due to Johnson's default on a promissory note. A default judgment was entered against Johnson for a total of $50,439.08, for which execution was issued, thereby allowing First National Bank to seek a writ of garnishment and to seek to enforce the $90,000 judgment in favor of Johnson, which had not yet been satisfied. As Deere had agreed to indemnify Parker Tractor in the action which led to the $90,000 judgment, Deere is liable for the judgment amount to Johnson. Therefore, Deere was permitted to intervene as an interested party in the action in October 2004. Deere again sought to have this Court's final judgment declared null and void and once again sought to enforce the federal judgment that had previously been ruled a nullity by the Fifth Circuit in its own unpublished opinion. Both Deere's motion for summary judgment and its motion to reconsider were denied by the county court in July 2007. In its order denying Deere's motion, the county court held this matter was proper for interlocutory appeal to this Court and stayed all proceedings pending the outcome of this interlocutory appeal.

## STANDARD OF REVIEW

¶11. Interlocutory appeals are granted only to resolve a question of law, including the application of facts to that law. Miss. R. App. P. 5. This Court reviews questions of law under a de novo standard. *Russell v. Performance Toyota, Inc.*, 826 So. 2d 719, 721 (Miss. 2002). This Court also reviews denials of summary judgment under a de novo standard. *Treasure Bay Corp. v. Ricard*, 967 So. 2d 1235, 1238 (Miss. 2007) . A motion for summary judgment may be granted only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*. (citing Miss. R. Civ. P. 56(c)) "The evidence must be viewed in the light most favorable to the nonmoving party." *Id.* (citing *Flores v. Elmer*, 938 So. 2d 824, 826 (Miss. 2006)).

## DISCUSSION

**I.** **Whether the trial court erred in its denial of summary judgment by upholding this Court's judgment as the proper final judgment, upon which collection may validly issue.**

¶12. Final judgment implicates the bedrock doctrine of res judicata, which "reflects the refusal of the law to tolerate a multiplicity of litigation." *Franklin Collection Servs., Inc. v. Stewart*, 863 So. 2d 925, 929 (Miss. 2003) (citing *Little v. V & G Welding Supply*, 704 So. 2d 1336, 1337 (Miss. 1997)). The public policy of res judicata is "designed to avoid the 'expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions.'" *Id.*

¶13. Deere characterizes its first issue as one regarding the priority of satisfaction of a judgment. The real issue is whether or not the judgment handed down by this Court is the final adjudication upon which collection may issue. The only answer is yes. This Court's judgment, which was handed down after two appeals, was the first final judgment. Because

this Court affirmed the trial court on its second appeal, the date of judgment reverts back to the date of the original state judgment. Deere stipulates that the federal and state actions leading to the $90,000 judgment are one and the same. We agree, and accordingly, any relitigation is forever barred. *Franklin*, 863 So. 2d at 929.

¶14. Deere attempts to draw this Court's focus to the federal court's failure to stay the proceedings after Deere had filed a petition for rehearing. The federal district court's failure to stay its proceedings is irrelevant. The Fifth Circuit agreed as much in its unpublished opinion filed on May 14, 2003. The Fifth Circuit held the matter to be res judicata and properly declined to enjoin the holding of this Court. Deere attempts to ignore this opinion from the Fifth Circuit by stating that because it is an unpublished opinion, it carries no precedential weight. While the unpublished opinion may not be cited as precedent by other litigants in other actions, the opinion was specifically directed to Deere as a party to the action, and the opinion is binding upon Deere.

¶15. The underlying case has been decided to final judgment. Deere refuses to accept, and in fact completely ignores, the rulings of this Court, the Fifth Circuit Court of Appeals, the Federal District Court for the Northern District of Mississippi, the Circuit Court of Coahoma County, and the Coahoma County Court, each of which has stated explicitly that this Court's judgment is res judicata on the issue of Deere's liability. Deere has been found liable for $90,000 in favor of Johnson. The current suit to enforce collection through writ of garnishment is proper and may not be dismissed on summary judgment because Deere prefers the take-nothing judgment rendered, and later implicitly declared moot, by the federal courts.

7

¶16. Deere claims that the federal judgment which resulted in a take-nothing verdict prevails, in part because it was satisfied, presumably because a take-nothing verdict is satisfied by its very nature when the judgment is entered. This argument has no merit.

¶17. Within this issue, Deere advances yet again its misplaced argument under a claimed exception to the Anti-Injunction Act which provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (2001).

¶18. The Act presumes "that state courts are the best arbiters of state court jurisdiction; thus, state proceedings 'should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court.'" *Total Plan Servs., Inc. v. Texas Retailers Ass'n*, 925 F.2d 142, 144 (5th Cir. 1991) (quoting *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287, 90 S. Ct. 1739, 1743, 26 L. Ed. 2d 234, 241 (1970)). Deere is arguing against itself when it advances the Anti-Injunction Act for relief, even under its limited exceptions, a posture that was soundly rejected by both the Fifth Circuit and the federal district court.

¶19. In its brief, Deere advances at length the facts and arguments of the earlier case which have long ago been decided and are now moot under order of every court which has ever had jurisdiction over this matter, federal or state. We find it unnecessary to address, point by point, Deere's exhaustive arguments on the underlying case which is no longer at bar, as the

8

arguments are now moot. *Gartrell v. Gartell*, 936 So. 2d 915, 917 (Miss. 2006) (citing *Allred v. Webb*, 641 So. 2d 1218, 1220 (Miss. 1994)).

> **II.     Whether the trial court erred in its denial of summary judgment by holding that the last-in-time doctrine is inapplicable.**

¶20.     Even in jurisdictions where the last-in-time rule is the law, "[o]nce a plaintiff wins a judgment, he may not sue on those claims again because they are merged into the judgment." *Browning v. Navarro*, 887 F.2d 553, 563 (5th Cir. 1989) (*see* Restatement (Second) of Judgments § 18 (1982)).  Deere cites *Donald* as authority for its proposition that this Court's judgment is not binding because the federal court judgment was the last in time. *Donald v. J. J. White Lumber Co.*, 68 F.2d 441 (5th Cir. 1934)  Deere is incorrect for two reasons.

¶21.     First, the last-in-time rule applies to a very narrow category of judgments, specifically bankruptcy cases or cases involving taxpayer claims that may be identical as to the parties and the issue, but to which the taxing authority is not necessarily bound (such as in *Donald*). Bankruptcy and tax law have unique procedural rules that are not applicable to other areas of the law.  *Id.*  The last-in-time doctrine is not, as Deere would have us believe, a method available to litigants to avoid the enforcement of a final judgment.

¶22.     Second, Deere inaccurately characterizes the case law it cites in *State ex rel. Moore v. Molpus*, 578 So. 2d 624, 642 (Miss. 1991), which stands for the proposition that the doctrine of res judicata exalts the finality and repose of judgments which may be overturned only under the most egregious violation of public policy concerns. *Id.*  In *Molpus*, this Court held fast to the doctrines of res judicata and collateral estoppel, ruling that when plaintiffs "stumble on the rocks of public harm, reliance, stability, and integrity of process" their claim

9

is barred. *Id.* Again, a closer look at the authorities set forth in Deere's brief reflects that the law Deere cites stands directly against its own position.

### III. Whether the trial court erred in its denial of summary judgment by holding this Court's judgment as the law of the case.

¶23. Deere claims error to the trial court under the law-of-the-case doctrine. The law-of-the-case doctrine operates much the same as res judicata, but is limited to subsequent proceedings in the case. *Pub. Employees' Ret. Sys. v. Freeman*, 868 So. 2d 327, 330 (Miss. 2004). On this point, Deere is correct. The law-of-the-case doctrine does not apply to the case at bar because the underlying case has been disposed of by final adjudication of this Court in 2001, becoming effective as of the trial court's judgment in 1998.

¶24. Although the law-of-the-case argument is improperly placed, the result for Deere is the same. The law of the case "once established as the controlling legal rule of decision, between the same parties in the same case, continues to be the law of the case, so long as there is a similarity of facts." *Id.* Deere is correct in that this case would not come under the law-of-the-case doctrine. This case is simply a cause of action to enforce what has been a final adjudication since 1998. The law of the case "is founded on public policy and the interests of orderly and consistent judicial procedure." *Id.* While more narrow in scope and application, the law-of-the-case doctrine upholds the same public policy principle as its parent doctrine, res judicata. This Court relies instead on the doctrine of res judicata as discussed at length above.

### CONCLUSION

¶25. For all of the above reasons, the disposition of this interlocutory appeal is clear-cut. The Coahoma County Court's denial of summary judgment is affirmed, and this case is and remanded to that court for further proceedings consistent with this opinion.

¶26. **AFFIRMED AND REMANDED.**

**WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**

11